CHAPMAN v ORRACHIO et

Ohio Appeals, 2nd Dist, Franklin Co
No 1802.  Decided Aug 13, 1929

Horner  &  Kennedy,  Columbus,  for
Chapman.
James R. Spellman, Columbus, for Or-
rachio, et.

**HORNBECK, J.**

It does not seen to us that it is necessary to cite extended authority to establish that every misrepresentation heretofore mentioned related to a material fact which affected the value of the farm in a marked degree. It is an inevitable conclusion that such representations would operate to cause the plaintiff to conclude that the land for which he was about to trade was of considerable value, whereas in fact it was practically worthless.

"Representations as to the correct condition or quality of land are representations of material facts."

Woodward v. Western Canada Colonization Co. (Minn.) L. R. A. 1917-C.

"Misrepresentations as to the location of lots is as to a material matter."

Ballard v. Lyons, (Minn.) 38 L. R. A., N. S. 301.

The only defense which appears is, that the defendant DiMartino did not know the farm and did not know the facts concerning which he spoke; that the plaintiff dealt with his eyes open and had an opportunity to visit the farm and failed to do so and therefore cannot now complain. In other words, that the doctrine of caveat emptor applies.

Had defendant DiMartino merely stated that which he actually knew about the farm and left the matter of the determination of those elements which go to make up value to be determined by the plaintiff by inspection or from other sources, the first contention might be well made. But it is well recognized that a speaker cannot escape liability on the ground that his statements were mere expressions of opinion, if he went further and made misrepresentations of fact. The unqualified assertion of what one does not know to be true is equivalent to and as unjustifiable as the assertion of a falsehood. 26 C. J. 1109.

"A party will not be allowed to shield himself because the party with whom he was dealing was careless or too confiding; and while the State cannot stand in loco parentis to all its citizens, the crafty and designing will not be allowed to deceive the simple minded."

Fischer v. Hillman, (Wash.) 39 L. R. A., N. S. 1140.

Caveat emptor applies only where the parties have equal opportunity to know the facts concerning material matters. In the instant case, the plaintiff was 150 miles away from the site of the farm for which he was trading. Defendant DiMartino had been on it and assumed to know about the matters to which he directed plaintiff's attention.

It is true that the law enjoins due diligence and ordinary care upon one who is contracting with another at arm's length, but due diligence on the part of the plaintiff must be determined in the light of all the evidence. While ostensibly by word of mouth, Defendant DiMartino was urging the plaintiff to visit the farm and inspect it, by conduct and acts and by material misrepresentations, he was putting him into a state of mind where he had a right to believe that such visitation was not necessary. In Martin v. Hutton, (Neb) 36 L. R. A., N. S., 602, it is said:

"A person is justified in relying on a representation made to him in all cases where the representation is a positive statement of fact and where investigation would be required to discover the truth."

In Gannon v. Hansaman, (Okla.) 52 L. R. A., N. S., 521, quoting 14 Am. & Eng. Enc. Law, 2nd Ed., 132, the Court says:

"By the decided weight of authority where a positive representation is made by the vendor as to the title, encumbrances, boundary, location, etc., with a view that it shall be relied upon, ordinary diligence does not require that the other party shall examine the records to test the truth of

the representation."

This case is analogous to ours in that this representation concerned state of title, where the party to whom the statement was made could have found the fact upon examination of records which were open and available to him.

It is claimed that there is little difference in value between the equity of plaintiff in the hotel property and the farm for which he traded; this is of value in the determination of the case only as it may relate to the probability of the claim of defendant that plaintiff was trading atmosphere for atmosphere. In equity the plaintiff was entitled to receive, so long as he did not know facts to the contrary, just what defendant DiMartino expressed and represented to him he was to receive, and it is not necessary, although established here, to prove fraud for the reason that plaintiff was not trading for what he received but for that which it was represented to him he was to receive.

The misrepresentations of fact were so flagrant; they related to matters so vital to the value of the land and the worth of the farm and its value is so manifestly and grossly out of proportion to the worth of the hotel building, that to us, it seems evident that plaintiff has sustained his case.

After the misrepresentations are taken from the statements made, there is nothing left but the fact that the defendant DiMartino owned 55 acres of land in Monroe County, Indiana. While the plaintiff is not corroborated in all particulars, the evidence does sustain him in all instances as to representations which were vital.

We are of the opinion that the relief prayed for in the petition should be granted and it will be so ordered.

Allread, J., concurs. Kunkle, J., not concurring.