ISAAC, APPELLEE, *v.* THE AMERICAN SURETY CO. OF NEW YORK, APPELLANT.

(Decided January 23, 1939.)

*Mr. J. Irving O'Connor,* for appellee.

*Mr. Harry S. Bugbee,* for appellant.

OVERMYER, J.   This is the third appearance in this court of litigation growing out of a transaction in October, 1930, between Thomas A. Isaac, appellee, and the Intercoast Sales Corporation, a foreign corporation engaged in selling stocks and securities and having local offices at Toledo, Ohio.   The said corporation had furnished a bond to the Division of Securities of Ohio as was then required by Section 8624-20, General Code (repealed 116 Ohio Laws, 472), and same was executed by The American Surety Company of New York, appellant herein.

In the original action Isaac sought to recover $5050 from Intercoast Sales Corporation for breach of contract in failing to deliver 200 shares of stock for which he claimed to have paid to it said sum.   A judgment was recovered by Isaac which was reversed by this court as being against the weight of the evidence and for certain errors in the charge.   A second trial was had upon an amended petition alleging rescission of contract by Isaac, resulting in a verdict and judgment for Isaac, which was affirmed by the Supreme Court. *Isaac* v. *Intercoast Sales Corp.,* 132 Ohio St., 289, 7 N. E. (2d), 216.   That judgment not having been paid by the Intercoast Sales Corporation, Isaac brought the present action to recover the amount of the judgment from the surety company on its bond filed with the state of Ohio.

. The issues in the present case were submitted in Common Pleas Court after waiver of a jury.   The surety company duly made a motion for judgment on the pleadings, which was overruled.   The plaintiff thereupon offered in evidence the complete record of pleadings and evidence in the former case of *Isaac* v. *Intercoast Sales Corporation* at the second trial, and rested.   The surety company moved at the close of plaintiff's evidence for judgment on the pleadings and

the evidence, which motion was likewise overruled. The defendant surety company offered no evidence and the court, thereupon, entered judgment for plaintiff Isaac for principal, interest and costs totaling $7,126.82.

This appeal is prosecuted by the surety company to reverse the judgment, and the errors assigned are the failure of the court to sustain the motions of the surety company for judgment in its favor.

Section 8624-20, General Code, above referred to, provided that a dealer in securities in Ohio must have filed a bond with the state, conditioned that he will satisfy "any judgment or decree that may be rendered against him in a court of competent jurisdiction in a suit or action brought by a purchaser of securities in which it *shall be found or adjudged* that such purchaser *was defrauded* in the sale of such securities." (Italics ours.)

The bond, under which recovery is sought herein, complied with the foregoing statutory requirements by the obligor agreeing to "* * * pay, satisfy and discharge any judgment or decree that may be rendered against the said Intercoast Sales Corporation * * * in a suit or action brought by a purchaser of securities in which *it shall be found or adjudged that such purchaser was defrauded,* in the sale of such securities, by the said dealer. * * *" (Italics ours.)

The petition in the case before us contains no allegation that it was "found or adjudged" that the judgment which Isaac secured in his suit against Intercoast Sales Corporation was based on fraud.

Because one may have recovered a judgment in an action for money, it does not follow that he was entitled to such judgment because he had been defrauded. Fraud is a very definite term in legal jurisprudence. In human relations it is never presumed but must be strictly pleaded as a fact and proven when claimed. 19 Ohio Jurisprudence, 494, Section 217.

"Fraud is a civil wrong. * * * By fraud is meant all surprise, trick, cunning, dissembling, and other unfair ways that are used to cheat another. It is a deception deliberately practised with a view to gaining an unlawful or unfair advantage." 19 Ohio Jurisprudence, 321, Section 2.

There is, of course, a legal term known as "constructive fraud," the elements of which are not here present; nor is this a case for the application of the principle. 19 Ohio Jurisprudence, 325, Section 9.

Appellee Isaac's petition herein simply alleges the conclusion that "the plaintiff as a purchaser of securities was defrauded in the sale of such securities by said Intercoast Sales Corporation," and to prove this insufficient allegation, under former Section 8624-20, General Code, and the terms of the bond, he offers in evidence the pleadings and evidence of the trial wherein the unpaid judgment was secured.

This court is of the opinion that the petition herein failed to state a cause of action, and that the motion of defendant, for judgment on the pleadings, properly made in due time, should have been sustained. If, however, we should be in error in this respect, then we must say further that the amended petition upon which the case of *Isaac* v. *Intercoast Sales Corporation* was tried, which is here in evidence, shows that no claim of fraud was made therein in any respect and the entries following the judgment make no "finding or adjudication" that Isaac was "defrauded," and therefore the trial court, failing to sustain appellant's motion for judgment on the pleadings, should have sustained its motion for judgment on the pleadings and the evidence.

The authority relied upon by appellee to sustain his claims is the case of *Indemnity Ins. Co.* v. *Kircher*, 47 Ohio App., 140, 191 N. E., 374. We have been furnished with a copy of the petition on which that case was tried and find it was based upon false and fraudu-

lent representations. This presents, therefore, an entirely different situation from that here presented. In the *Kircher case* both the dealer and the surety company were sued in the same action, the former charged specifically with fraud, and found and adjudged guilty of fraud.

The order is that the judgment below be reversed and final judgment entered for appellant, defendant below.

*Judgment reversed and final judgment*
*for defendant.*

LLOYD and CARPENTER, JJ., concur.