**FIEBIG et, Plaintiffs-Appellees, v. BROFFORD et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4354. Decided March 10, 1950.

Hamilton & Kramer, Joseph Hague, of Counsel, Columbus, for plaintiffs-appellees.

Richards & Richards, Columbus, for defendants-appellants.

**OPINION**

By THE COURT.

This is an appeal on law from the Common Pleas Court of Franklin County, Ohio, which rendered judgment on the verdict returned in favor of the plaintiffs in the amount of $600.00.

The defendants-appellants have assigned as error: That the verdict and judgment are excessive; that the verdict was given under the influence of passion and prejudice; that the verdict is not sustained by sufficient evidence and is contrary to law.

The issues were not clearly drawn by the pleadings. The defect in the pleadings was cured by the evidence.

It is apparent that counsel and the trial court proceeded to try this case on the theory that the plaintiffs based their right of recovery on the claim that the defendants made a false representation in the sale of a house to the plaintiffs with respect to the condition and construction of the house, which was constructed by the defendants and was near completion; that the false representation was made for the purpose of inducing the sale; that the plaintiffs relied on said representation to their damage.

The action sounds in tort. The evidence supports this theory of the case. We are required to construe the evidence most favorably to the plaintiffs. In an action of this character it is not necessary to allege or prove scienter, or that the representation was made with the intent to deceive. **Insurance Company v. Reed, 33 Oh St 283, 294; Gleason v. Bell, 91 Oh St 268, 110 N. E. 513.** Under the evidence this case falls within the rule laid down in the first paragraph of the syllabus in Gleason v. Bell, which is as follows:

"Where a purchaser was induced to buy and pay for a city residence, by false representations made to him by the vendor as positive statements of fact clearly implying knowledge of the owner of the truth of the facts stated, and made under such circumstances that the vendor should have known of the falsity of the representations, and they were of such a nature as to affect the character, utility and value of said property, and the purchaser had a right to and did rely thereon, and suffered damage by reason thereof, he may recover. In such a case an averment that the vendor knew the representations to be false and made them with intent to deceive is not essential."

It is difficult to determine on what theory this case was tried and presented to the jury. The jury was not instructed in regard to the elements of fraud. At the end of the charge the court inquired of counsel whether they had any suggestions to make with reference to the court's charge. Whereupon, at the request of counsel for the defendants, the court charged the jury that the action was not predicated on fraud. This charge was erroneous but since the defendants induced the error, they cannot be heard to complain. Sec. 11560 GC. Furthermore, no error is assigned in regard thereto.

The measure of damage in a case of this character is the difference in value of the house as taken and as represented Gray v. Gordon, 96 Oh St 490, 495, 117 N. E. 891; Dieterle v. Bourne, 40 Abs 550, 57 N. E. (2d) 405. No evidence as to value was introduced.

Evidence was admitted to show that by reason of the faulty manner in which the shingles were laid and the faulty construction and fitting of the flashing, when it rained water came through at numerous places, causing damage to the plaster and the interior of the house; that the plaintiffs placed a new roof over the old roof at a cost of $270.00, and repaired the plastering in one room at a cost of $50.00. In view of the evidence with respect to the faulty construction of the roof, we cannot say that a verdict of $600.00 was excessive or given under the influence of passion and prejudice.

The verdict and the judgment are not sustained by sufficient evidence in that there was no evidence as to the value of the property as taken and as represented, and is contrary to law.

Judgment reversed and cause remanded for new trial and other proceedings according to law.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.