GALVIN ET AL., APPELLANTS, *v.* KEEN, APPELLEE.*

(No. 413—Decided November 30, 1954.)

*Messrs. Chorpening & Chorpening,* for appellants.
*Mr. A. Ross Siverling,* for appellee.

*Motion to certify the record overruled, March 9, 1955.

Putnam, P. J. This appeal from the Common Pleas Court of Ashland County is on questions of law. The action below was one for damages by reason of an alleged breach of contract by the defendant in the faulty construction of a house which the defendant built for the plaintiffs. The answer of the defendant contains four defenses and a cross-petition. The first defense consists of certain admissions and a general denial. The second and third defenses are in the nature of confession and avoidance. The fourth defense alleges, in substance, that after the house was completed and before the date of the delivery of the deed to the plaintiffs they had an opportunity to and did inspect the premises and found the same acceptable. The cross-petition by the defendant is for extra work done by the defendant at the request of and under a complaint made by the plaintiffs after the deed was delivered.

The case came on for trial before a jury. After the opening statement by the plaintiffs, defendant moved for a directed verdict upon the pleadings and the opening statement. The court reserved decision on the motion and permitted the plaintiffs to introduce their evidence. At the conclusion of the plaintiffs' evidence, the defendant renewed his previous motion and also moved for a directed verdict on the pleadings, the opening statement and the evidence. This latter motion the court sustained. The errors alleged by the plaintiffs, appellants herein, are as follows:

1. In holding that the petition of the plaintiffs did not state a cause of action.

2. In withdrawing the case from the jury and rendering judgment in favor of the defendant.

3. In overruling the motion for new trial filed by the plaintiffs.

The facts as shown by the pleadings and the evidence, necessary to understand the problem involved in this appeal, are briefly as follows:

In December 1951, plaintiffs, Cleveland residents, who desired to move to Ashland, contacted the defendant, who was a builder with several houses under construction, and, in February 1952, entered into a contract with him, with detailed plans and specifications whereby defendant was to complete one of his

houses under construction in accordance with such plans and specifications and sell such property to the plaintiffs for approximately $19,000. The contract was contingent upon several propositions, one of which was the ability of the plaintiffs to float a mortgage for $11,000. This was done, the contingencies were met, and, on June 6, 1952, the defendant delivered the deed to the plaintiffs, which deed was accepted, the consideration paid, and the plaintiffs moved into the house. During the construction period, but not until after the basement was completed and the first-floor studding was up, plaintiffs had seen the house several times. After plaintiffs moved in on June 6, and during July, August and September, water began running into the basement causing severe damage to the property. Cracks appeared in the foundation and the basement floor. Plaintiffs claimed to have discovered other defects not known to them and work not complying with the plans and specifications. In September 1952, after the defendant, pursuant to heated arguments with the plaintiffs, had refused corrections, plaintiffs employed others to excavate around the house down to the foot of the basement wall, where it was found that the drainage tile, which the specifications called for, was improperly placed, not to grade, broken, and filled with sand and clay, and in such a condition that it could not drain the accumulated water. The asphalt waterproofing on the walls was spotty and insufficient. Plaintiffs' employees relaid the tile in a bed of good gravel and waterproofed the walls. Thereafter, the cellar dried up and no more trouble was had. It was discovered also by the plaintiffs, after June 6, due to a buckling in the floor, that instead of there being a plywood subfloor under the kitchen and bathroom floors there was only a compressed-paper product there. In addition, the areaways to the basement windows were not drained, and no proper footer was under one corner of the house. Complaint was also made that the kitchen fan was not properly ventilated, that the paint was cracking, that the bathroom walls were uneven, that the windows were loose, and that the finish on the kitchen cabinets was poor.

The photographs in evidence show a sloppy job of construction and that many things were done which were not up to the standard of good workman-like construction. The floor braces

between the joists were not nailed, and the main beam under the house had inadequate support, resting in the middle only upon a frail, loose stone. Where the joist had been out for plumbing no header was inserted.

No doubt some of the above defects could have been discovered by the plaintiffs upon adequate inspection prior to the acceptance of the deed and the payment for the property. However, at least two of them, *viz*, the defectively installed drainage tile and the spotty waterproofing of the basement, which cost the plaintiffs about $630 to fix, and the necessity for the replacement of the subflooring under the kitchen and bathroom floors, the estimated cost of which was $325, were latent defects which the plaintiffs could not and did not know about, under the pleadings and the evidence, when the deed was delivered.

The trial court in sustaining the defendant's motion no doubt relied upon the case of *Birnbryer* v. *Lehman,* 19 N. P. (N. S.), 206. That case is directly in point and if it is good law the trial court was justified in its ruling. However, that case is grounded upon the case of *Brumbaugh* v. *Chapman,* 45 Ohio St., 368, 13 N. E., 584. We have found no Appellate Court opinions in Ohio directly in point. We do not think that the *Brumbaugh case* is sufficient authority for the ruling in the *Birnbryer case, supra.* It (the *Birnbryer case*) extends the holding in that case (the *Brumbaugh case*), in our opinion, far beyond what was decided. What was actually decided in the *Brumbaugh case* was later pin-pointed by the Supreme Court in the case of *Conklin, Trustee,* v. *Hancock,* 67 Ohio St., 455, 66 N. E., 518. At page 461 of that opinion it is stated:

"The judgment of the Circuit Court is defended on the authority of *Brumbaugh* v. *Chapman,* 45 Ohio St., 368. This application of the decision in that case apparently results from a misconception of the point decided, which point is that a stipulation for the sale and conveyance of land is executed by the delivery of a deed for the land by the vendor and an acceptance of it by the vendee as a performance of the stipulation. The contract, 'so far as it embraced this particular stipulation,' was held to be 'merged in the deed,' and, to use the language of the books, became executed by it. And it was held 'that the execution and delivery of the deed was intended by the one, and ac-

cepted by the other, as a performance of the stipulation of the agreement to convey whatever by its terms was to be conveyed.' ''

We have found no other Supreme Court case directly in point, and certainly the above-quoted language limits and restricts the extent of the holding relied upon.

The great weight of authority in other states is contrary to the holding in the *Birnbryer case, supra.* The annotation in 84 A. L. R., 1008, at page 1023, is most helpful. There we find that the rule in New York, Pennsylvania, New Jersey, California, Louisiana and Michigan is that in such a case there is no merger of a contract for building and repairs with a deed subsequently delivered. Only one quotation therefrom will be made here in order to set forth the gist of the holdings.

"So, an agreement by the vendor to construct upon the premises which were the subject-matter of the contract of sale a certain kind of a house is not merged in a subsequently executed deed. *Raab* v. *Beatty* (1929), 96 Pa. Super. Ct., 574. The court said: 'The general rule that a deed includes all prior negotiations and agreements leading up to the execution of the deed * * * does not apply, however, to matters not consummated by the delivery of the deed. The conveyance of the land was but a part performance of the undertaking. The construction of the house was an important provision in the contract, but of an entirely different nature to, and distinct from, the covenant to sell the land.' ''

Certainly, if this is not the law in Ohio it ought to be, and, in the absence of specific higher authority directly in point, we are so pronouncing it.

Where, under such circumstances, the vendor tenders a deed to the land, is he not making a factual representation to the vendee that the construction provided for in the contract has been performed in accordance with such contract and specifications? We think so. Under these circumstances, of course, the vendee has certain obligations. He is chargeable with knowledge of all things which a normal inspection under the circumstances would reveal, and he would be estopped to claim differently thereafter or complain thereof if he should have had such knowledge or had made no reservation. However,

concerning latent and concealed defects which a normal inspection on his part could not reveal, the situation is different. The vendor, having represented by the tender of the deed that the contract had been fullfilled, would be guilty of constructive fraud as to latent and concealed defects. In the instant case, the basement having already been built when the contract was entered into, the plaintiffs had no means of knowing, except for the word of the defendant, that proper drainage had been installed in accordance with the plans and specifications. Certainly, under these circumstances, they should have a remedy.

As to the other defects complained of, whether the plaintiffs had knowledge and whether the defects were patent or latent would be jury questions under all the circumstances developed at the trial and under proper instructions by the court.

To summarize, it is our judgment that in such a case as this the execution of the contract is not merged in the deed as to latent defects not known to the vendee and not in conformity to the contract. As to other defects and noncompliance with the contract, either known or which should have been known by a a proper inspection, these would be waived and no recovery permitted.

Consequently, it follows that all the assignments of error of the plaintiffs are well taken, and the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

MONTGOMERY and McCLINTOCK, JJ., concur.