DENNIS ET AL., APPELLANTS, *v.* HOFFMAN, APPELLEE.

(No. 2733—Decided October 5, 1956.)

*Mr. Herschel Kriger* and *Mr. Jerry P. Hontas,* for appellants.

*Mr. Fred Wilkins,* for appellee.

McCLINTOCK, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas. The parties to this action shall be referred to as they were designated in the court below, to wit, Roy M. Dennis and Louise T. Dennis, plaintiffs, and Lester E. Hoffman, defendant.

Plaintiffs filed their second amended petition which in part reads as follows:

"Plaintiffs say that on or about July 10, 1948, they did purchase from the defendant Lester E. Hoffman said residence for a price of eighty-one hundred dollars ($8,100), that they did negotiate a so-called 'G. I. Loan' incidental to the purchase of said home and that the proceeds of said 'G. I. Loan' were turned over to the defendant as the payment for said residence, and that plaintiffs subsequently did take possession of said residence and have been living there since.

"Plaintiffs say that prior to their purchase of said residence, as aforesaid, the said defendant Lester E. Hoffman, acting through his duly authorized agent and representative, and also personally, did warrant and represent to the plaintiffs that said residence was constructed of the best materials

284

and in workmanlike manner, and did otherwise represent that the same was properly constructed, and did further warrant and represent that the same was built in conformity with all so-called G. I. priority requirements and also in full conformity with a previous warranty made by said defendant to the government, as a condition of procuring construction priorities on said residence, that all parts thereof would be sound and all construction free from faults, and that all work would be performed in workmanlike manner and in accordance with the best practice.

"Plaintiffs say that, after they entered possession of said residence, they discovered that the materials and parts of said residence were not sound and that the construction of the same was not free from faults and that the work and construction thereof were not performed in workmanlike manner and in accordance with the best practice, and, in fact, that the same was defective in the following particulars, to wit: that the well was of insufficient depth to work properly or to furnish water, although defendant had specifically promised that said well would produce adequate and pure water, requiring plaintiffs to redrill the same and to install new drop pipe; that said residence was constructed of green lumber, causing the walls to crack and sag and to ruin the paint thereof and damaging the windows and doors; that there was no metal laths on the corners; that the furnace and heating system were defective and improperly installed and improperly set, so that the same cannot adequately heat said residence; that the roof leaked by reason of the lumber therein and failure to seal the nail holes; that the garage roof was made of patched tar paper instead of asbestos shingles, as promised; that the cement in the garage is of insufficient thickness with the result that it has cracked; that the floors are of green lumber, causing same to spread and tearing linoleum in the kitchen; that the dirt was not filled in about the foundation, requiring plaintiffs to expend materials and labor for the same; that a culvert was not installed near the road, as promised; that no drain tile was installed to carry water from said residence; that the septic tank was improperly constructed and connected and no permit had been procured from the health authorities; that the sewer pipe was of tile rather than metal

soil pipe and that the joints thereof were not cemented, with the result that it will be necessary to break the cellar floor and re-install the same properly; that the main beam of said residence rests on a wooden post rather than metal or masonry post, that said wooden post is set directly in the earth rather than on concrete footer with the result that the same has rotted and allowed said residence to sag, cracking the walls, damaging the paint, and the correct fit of doors and windows; that green timber was used for studding, with the result that the same has bowed and caused walls to crack; that the electrical circuits are inadequate; that windows and eaves are not properly caulked; that the workmanship and materials of which said residence, and the various parts thereof, was constructed is inferior and sub-standard; and in other respects, and that the said defects and conditions were not open, obvious, apparent or known to these plaintiffs, but were latent and not apparent.

"Plaintiffs further say that the warranties and representations, aforesaid, were made by said defendant with full knowledge of the defects aforesaid, or recklessly and carelessly without said defendant using the normal and usual means to apprise himself of the true condition of said residence, that the same were made as an inducement to plaintiffs, to purchase said residence and to use their so-called 'G. I. Loan' therefor, and accordingly the same were false and fraudulent and made with the intent and purpose of deceiving and defrauding plaintiffs; that plaintiffs relied upon the said warranties and representations and believed them true, and, acting upon such reliance and belief, did purchase said residence from said defendant.

"Plaintiffs further say that the said defendant well knew that they were purchasing said residence for the purpose of using the same as a home for themselves and their family, whereas the same was not proper and fit for said purpose, in the condition in which the same was delivered to them, as more specifically hereinbefore set forth.

"Plaintiffs further say that they have paid the agreed price for said residence and that they have fully performed all of their obligations to the defendant Lester E. Hoffman, and that by reason of the failure of the defendant to provide sound parts and materials in said house and construction free from

faults and by reason of the unworkmanlike manner and poor practices with which the same was constructed, in the particulars hereinbefore set forth, said residence has become unhealthful, the same is damp, drafty, cold and inconvenient, difficult to heat and keep clean, and they have been and will be subject to heavy expense in order to repair the same and keep the same in liveable condition, and that the value of said residence in the condition aforesaid was four thousand dollars ($4,000) less than the same would have been had it been properly constructed and had not contained the defects aforesaid.

"Wherefore, plaintiffs pray for judgment against defendant in the sum of four thousand dollars ($4,000), for their costs herein, and for such other relief to which they may be entitled."

To this second amended petition defendant filed a second amended answer in which he says by way of affirmative defense:

"Further answering, and by way of affirmative defense, defendant says that on or about the 21st day of May, 1948, the plaintiffs and defendant, Lester E. Hoffman, and defendant's wife, Lillian W. Hoffman, entered into an agreement in writing for the sale and purchase of said above described premises, which said agreement provided, among other things '* * * property to be accepted in its present condition * * * No representations or agreements have been made except as set forth herein.'—copy of which is attached hereto, marked Defendant's Exhibit 1, and incorporated herein.

"By way of further affirmative defense, defendant says that on or about the 12th day of July, 1948, plaintiffs certified in writing to the defendant that they had examined and inspected said premises and found same to be as represented by defendant and that the purchase agreement had been completed with no further conditions, copy of which is attached hereto, marked Defendant's Exhibit 2, and incorporated herein.

"Wherefore, having fully answered, defendant prays that the plaintiffs' petition be dismissed at plaintiffs' costs."

To this second amended answer the plaintiffs filed a reply, denying generally and specifically each and every averment not theretofore specifically admitted.

Section 2309.27, Revised Code, provides, in part, as follows:

"New matter alleged in a reply shall be deemed contro-

verted by the adverse party as upon a denial or avoidance as the case requires.''

The matter came on for hearing prior to the trial, and the defendant moved the court for judgment on the pleadings. Thereupon, the court ordered, adjudged and decreed that the defendant be granted judgment on the pleadings.

A motion for new trial was filed by plaintiffs, claiming that the court erred in sustaining the motion for judgment on the pleadings, which was overruled. Thereafter, plaintiffs appealed to this court on questions of law.

On the question of judgment on the pleadings, we cite *Ellis* v. *Victor Electric Products, Inc.*, 85 Ohio App., 170, 88 N. E. (2d), 275, paragraphs one and two of the syllabus:

''1. Courts should exercise great caution in rendering judgment upon the pleadings and opening statement of counsel, and the granting of a motion for such a judgment in favor of the defendant will be upheld only where it is clear that all facts stated and expected to be proved by plaintiff do not constitute a cause of action.

''2. Upon such motion, the facts alleged and stated determine what relief shall be given and not the incidental terminology employed by counsel indicating the extent or type of relief anticipated.''

Also, see *Galvin* v. *Keen,* 100 Ohio App., 100, 135 N. E. (2d), 769, the syllabus of which is as follows:

''1. Where a contract with detailed plans and specifications is entered into with a builder for the purchase of a house then under construction, the house to be completed in accordance with such plans and specifications; where, during the construction period, but not until after the basement is completed and the first-floor studding is up, the vendee sees the house several times; and where such vendee accepts delivery of the deed, pays the consideration and moves into the house; the execution of the contract is not merged in the deed as to latent and concealed defects which a normal inspection on the vendee's part could not reveal; and the vendee may recover therefor.

''2. In such case, such vendee is chargeable with knowledge of all things which a normal inspection, under the circumstances, would reveal; and, as to defects or noncompliance with

the contract, either known or which should have been known by a proper inspection, such defects are waived, and no recovery permitted.

"3. As to such defects, whether the vendee had knowledge thereof and whether the defects were patent or latent are questions of fact for the jury."

An examination of the pleadings in this case clearly shows allegations of false and fraudulent warranties and representations, made by defendant and relied on by these plaintiffs, as to the quality of workmanship and materials used in the construction of the residence. Had the trial court construed these allegations in a manner "most favorable to the plaintiffs" it would have been immediately apparent that such petition did contain matters upon which reasonable minds could differ and that there were legitimate questions of fact raised thereby which plaintiffs, as a matter of right, were entitled to have decided by a jury.

In conclusion, in view of the fact that the question of latent defects is an issue in this case, we find that the court erred in rendering judgment on the pleadings and that the assignment of error of plaintiffs is well taken. The judgment is, therefore reversed, and the cause is remanded to the court below for further proceedings.

*Judgment reversed and cause remanded.*

MONTGOMERY, P. J., and PUTNAM, J., concur.