TRIPLETT ET AL., D. B. A. JONES & TRIPLETT, APPELLEES, *v.* OSTROSKI ET AL., APPELLANTS.

(No. 453—Decided January 22, 1957.)

*Mr. David M. Phillips* and *Mr. John S. Phillips,* for appellees.

*Mr. Phil D. Butler,* for appellants.

COLLIER, J.  This appeal on questions of law is from a judgment of the Common Pleas Court of Ross County directing a verdict for the plaintiffs at the close of plaintiffs' evidence, in an action on a promissory note.

On February 19, 1953, the plaintiffs and defendants entered into a contract, by the terms of which the plaintiffs agreed to build a dwelling house on a certain lot in the city of Chillicothe according to certain plans and specifications, and the defendants agreed to purchase the house and lot when the house was completed for the agreed purchase price of $24,000.  The house was to be completed on July 15, 1953, but was not ready for occupancy until September 1, 1953, when the defendants took possession of the property.  On September 3, 1953, title to the

property was conveyed by the plaintiffs to the defendants, and on that date the defendants executed the note in question payable 60 days after date to the plaintiffs in the sum of $2,719, which represented the balance of the purchase price, the remaining amount having been paid by cash payments and the proceeds of a loan obtained by the defendants from the Prudential Insurance Company, which loan was secured by a mortgage executed by the defendants on the property.

It is admitted that at the time the defendants took possession of the property and when title was conveyed to them, there were several uncompleted items in the construction of the dwelling. When the plaintiffs demanded payment of the note, after it became due, the defendants refused payment for the reason that the construction of the house was not according to plans and that certain defects in its construction had developed. Some of these defects are listed as follows: loose tiles on the bathroom and kitchen floors, garage floor and walks had settled, drainage of surface water to the basement, defective drainage pipes from the basement and roof, leaks in the basement wall, floors not level, fireplace out of line, leaks in the pipes concealed in the walls of house, ventilating fans did not function, materials used in construction not provided for in the plans and several other such defects.

The defendants, in their answer, claim that the plaintiffs have not completed the construction of the dwelling in accordance with the plans and specifications and have not corrected or repaired the defects caused by poor workmanship, and there is a failure of consideration for the note which is the subject of this action. By way of cross-petition the defendants claimed damages in the sum of $3,702.

The assignments of error present these two questions of law to be determined in this appeal:

(1) Whether the trial court erred in directing a verdict for the plaintiffs.

(2) Whether the trial court erred in the exclusion of evidence as to deviations from the contract and defective and unworkmanlike construction.

The trial court sustained plaintiffs' motion for a directed verdict upon the theory or doctrine that the contract terminat-

ed in the execution of the deed of conveyance of title to the defendants and that all prior agreements merged in the deed; that after acceptance of the deed and delivery of possession of the property, the defendants could not assert any rights under the contract; that, thereafter, the rights of the parties should be determined by the deed; and that, therefore, the answer did not state a defense to the petition.

This rule of law supporting the conclusion of the trial court was announced in *Birnbryer* v. *Lehman* (1916), 19 N .P. (N. S.), 206. The present case came on for trial February 26, 1956. In the issue of the Ohio Bar of July 2, 1956, the case of *Galvin* v. *Keen,* 100 Ohio App., 100, 135 N. E. (2d), 769, is reported. In this case a contrary view is expressed. The facts in the *Birnbryer case,* the *Galvin case* and the present case are very similar and involve the same legal problem. As observed in the *Galvin case,* not only a contract for the conveyance of real estate is involved, but, also, a contract for the construction of a dwelling. In the *Galvin case* it is held in the first paragraph of the syllabus:

"* * * where such vendee accepts delivery of the deed, pays the consideration and moves into the house; the execution of the contract is not merged in the deed as to latent and concealed defects which a normal inspection on the vendee's part could not reveal; and the vendee may recover therefor."

Of course, the trial court did not have the benefit of that decision, but we concur in the conclusions therein announced. Under this authority the defendants are not precluded from alleging and proving any and all latent defects caused by unworkmanlike construction of the dwelling, in order to show a failure of consideration of the promissory note given as part of the purchase price of the property. It is further held in the *Galvin case,* in the third paragraph of the syllabus:

"As to such defects, whether the vendee had knowledge thereof and whether the defects were patent or latent are questions of fact for the jury."

The trial court rejected most of the evidence adduced by the defendants, including a number of photographs, tending to show the defects in the construction of the dwelling. In our opinion, the court erred in the exclusion of this evidence since

it was a question for the jury to determine whether the vendee had knowledge of such defects and whether the defects were patent or latent. For the citation of authorities supporting our position on the alleged errors, reference is made to the opinion by Putnam, J., in *Galvin* v. *Keen* (100 Ohio App., 100), *supra.*

It follows that the judgment of the trial court must be, and hereby is, reversed, and this cause is remanded to the Common Pleas Court for a new trial.

*Judgment reversed and cause remanded.*

GILLEN, J., concurs.
McCURDY, P. J., not participating.