**RAPPICH et, Plaintiffs-Appellants, v. ALTERMATT et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5794.   Decided December 31, 1957.

B. N. Murray, Columbus, for plaintiffs-appellants.
Charles E. Connor, Columbus, for defendants-appellees.

## OPINION

By MILLER, J.

This is a law appeal from a judgment dismissing the plaintiffs' cause of action after sustaining the demurrer to the amended petition. Since the question presented involves the sufficiency of the allegations contained therein, we quote it in its entirety:

"Plaintiffs say that on July 22, 1949, they purchased from the defendants parts of Lots Nos. 139 and 140 of Berwick Addition to the City of Columbus, on which the defendants, on or about said date, had completed a single family dwelling, the said defendant, Albert B. Altermatt being the general contractor and builder of said structure.

"Plaintiffs say that on or about April 22, 1955, they discovered that twelve (12) of the windows in said dwelling had been improperly installed according to the manufacturer's directions, in that they were improperly set into metal surrounds with required caulking necessary for such installation, that several of said windows had to be completely removed, together with the plastering, lathe and the original rough framing made as openings to support said windows and which became rotted and had to be replaced, together with plaster and lathe which became disintegrated through precipitation entering around the window framing.

"Plaintiffs further say that when the plastering had been removed and the defective workmanship of the original installation was exposed to view, the same was exhibited to the defendant, Albert B. Altermatt, for his examination. Plaintiffs thereupon demanded of the defendants that an adjustment be allowed them for the cost of repair to the plaster, decorating, caulking and flashing necessary for the proper reinstallation of said windows and to avoid the penetration of future precipitation, but said defendants have refused and still refuse to make such adjustment or to reimburse said plaintiffs for the costs of said repairs.

"Plaintiffs say they have expended the sum of $548.50 for the carpenter work, metal work, plastering, lathing, painting and decorating necessary to replace said improper installation; all to their full damage in the sum of $548.50.

"WHEREFORE, plaintiffs pray judgment against the defendants in the sum of $548.50, and for costs of suit."

Counsel for the appellants cites several cases which he claims sustain his position. The first four of these are: **Chapman v. Orrachio, et al, 8 Abs 250; Fiebig v. Brofford, 58 Abs 494; Galvin v. Keen, 100 Oh Ap 100;** and **Gleason v. Bell, 91 Oh St 268.** We shall treat these together since all are distinguishable on the same grounds. Each of these cases was based on fraud which occurred by reason of the affirmative false representations made by the vendor regarding the quality or condition of the premises involved. They are not applicable to the instant situation because there is no charge of any kind made in the amended peti-

tion that there was any fraud practiced upon the purchasers of this home, nor is there any allegation that there were any representations made by the sellers, false or otherwise, at the time of its purchase.

The case of **Vanderschrier, et al v. Aaron, 103 Oh Ap 340,** differs from our case as it involved work to be done upon the property after the sale had been completed. This work was to be done in a good and workmanlike manner. The action was brought for breach of this agreement by the purchasers who claimed that certain of the additional work which had been agreed to had either not been completed or if completed had not been performed in an efficient and workmanlike manner as agreed upon. The house in our case was entirely completed and it was purchased without any representations being made. In the cited case, supra, the court says at page 341:

"In this opinion we will not go into a discussion of the duty of the seller, of a completed house to the buyer, with the ever-varying circumstances surrounding such sales. Nor will we discuss the legal questions of caveat emptor and express warranty, except to say only that **the vendor of a completed house, in respect of which there is no work going on and no work to be done, does not generally, in the absence of some express bargain or warranty, undertake any obligation with regard to the condition of the house.**" (Emphasis ours.)

With respect to the condition of the premises conveyed it is said in 55 Amer. Jur. 795, Section 368:

"**Sec. 368. Responsibility for Condition of Premises.** While the law implies an obligation on the part of the vendor to convey a marketable title, with respect to the physical condition of the premises the rule of caveat emptor generally applies. The vendor does not impliedly warrant the condition of the premises, and when out of possession he is not liable in damages to the vendee or members of his family for injuries caused by defects in the premises."

In the case of **Shinkle, et al v. Birney, et al, 68 Oh St 328,** a statement of the law applicable to our case is found in the syllabus, which reads as follows:

"The relation of lessor and lessee arises out of contract, and, where there is neither express warranty nor deceit, the latter cannot maintain an action against the former on account of the condition of the premises hired."

In our case the relation of vendor and vendee also arises out of contract and the amended petition alleges neither an express warranty nor any deceit on the part of the defendant; hence, no recovery may be had. The only theory upon which it might be said that a good cause of action was stated would be under that of an implied warranty. **Sec. 1315 et seq, R. C.,** relates solely to the sale of goods and chattels and can be given no application to the sale of real property.

Counsel for the appellants also urges that the amended petition states a cause of action based on constructive fraud or deceit. An examination of the same reveals that it contains no allegation of the concealment of any facts relating to the present condition of the house nor that the defendant knew of any such defects. These allegations are essential in order to sustain an action for fraud or deceit.

It is therefore our conclusion that the amended petition fails to state a good cause of action, either upon the theory of fraud or upon that of an implied contract. Therefore, the court properly sustained the demurrer to the petition and the judgment will be affirmed.

PETREE, PJ, BRYANT, J, concur.