BEAMER ET AL., APPELLEES, *v.* FEICK, APPELLANT.

(No. 733—Decided October 24, 1960.)

*Mr. George A. Howells*, for appellee.
*Mr. Edward Rhode*, for appellant.

Fess, J.   This is an appeal on questions of law from a judgment of the Sandusky Municipal Court on behalf of plaintiffs in the sum of $168.28.

In their original petition, plaintiffs alleged that pursuant to contract, defendant had agreed to pay all assessments for and provide for storm sewer and storm sewer system which was breached by defendant, requiring plaintiffs to pay $132.51 together with penalties and interest accruing June 23, 1958, for which judgment was prayed.

Several months later plaintiff filed an amended petition alleging:

"That by virtue of a contract entered into between themselves and the defendant in the year 1957 and as an inducement for said plaintiffs to enter into said contract with the defendant, upon which inducement said plaintiffs relied, defendant agreed to provide for storm sewer, and storm sewer system and agreed to pay all assessments thereto and did expressly warrant all assessments 'paid' with respect to Eastwood Subdivision, a lot in which was the subject of the aforesaid contract.

"Plaintiffs further allege that aforesaid provision of the contract, the warranty and the inducement, with respect to said storm sewer and storm sewer system, *was by the defendant breached in that as a matter of fact said storm water sewer system was incomplete.* As a proximate result of the breach and misrepresentation aforesaid your plaintiffs have been required to pay the amount of $132.51 together with interest and penalties accruing after June 23, 1958." (Italics supplied.)

Coming now to analyze the allegations of the amended petition, it will be noted that in the first paragraph plaintiffs allege that as an inducement for them to enter into the contract defendant agreed to provide a storm sewer and agreed to pay all assessments therefor.   Plaintiffs allege further that the defendant expressly warranted all assessments paid.   In the second paragraph plaintiffs allege that the aforesaid provision of the contract, the warranty and the inducement, with respect to the storm sewer and storm sewer system was by the defend-

ant *breached* in that as a matter of fact the storm sewer system was incomplete, and that as a proximate result of the breach and *misrepresentation* aforesaid plaintiffs have been required to pay, etc. The use of the word, "misrepresentation," does not connote fraud—a false representation with respect to an existing matter of fact. Nor does the pleading precisely allege a false representation of an existing fact.

The essential elements required to sustain an action for deceit are, generally speaking, actual or implied representations or concealment of a matter of fact which relates to the present or past, and which is material to a transaction; made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; with the intent of misleading another into relying upon it; and reliance upon it by the other person with a right to so rely with resulting injury as the consequence of such reliance. All these ingredients must be found to exist, and the absence of any of them is fatal to recovery. 24 Ohio Jurisprudence (2d), 635, Section 20.

With regard to pleading fraud, it is to be observed that fraud is a very definite term in legal jurisprudence, which in human relations is never presumed but must be strictly pleaded as a fact and proven when claimed. *Isaac* v. *American Surety Co.*, 61 Ohio App., 47, 49. All the facts and circumstances relied upon as constituting fraud must be stated with distinctness and precision. *First Discount Corp.* v. *Daken*, 75 Ohio App., 33. Cf. *Rappich* v. *Altermatt*, 106 Ohio App., 282.

It is true that it is not necessary to separately allege all the six essential elements requisite to maintain an action for fraud if one or more of them may be reasonably inferred from the recital of the transaction as showing such essential ingredients. Thus, a specific averment that a vendor of real estate knew the representations to be false and made them with intent to deceive, is not essential. *Gleason* v. *Bell*, 91 Ohio St., 268. Nor is it essential that the plaintiff allege and prove that the defendant made the representation knowing that it was false, when such representation was made recklessly and without any knowledge or information on the subject calculated to induce such belief and was untrue. *Pumphrey* v. *Quillen*, 165

Ohio St., 343. Nevertheless the petition must allege directly or inferentially the essential elements of fraud.

In *Belmont Bank of St. Clairsville* v. *Beebe,* 6 Ohio, 497, 498, the court remarks that the "extreme indefiniteness, the utter want of precision, and the language used by the pleader in this plea, makes it difficult to understand his meaning, still more difficult to express it." This remark is pertinent to the allegations of the amended petition in the instant case. In other words, the declaration should charge the fraudulent intent in positive terms, and not leave it to be inferred from the falsity of the facts stated. *Bartholomew* v. *Bentley,* 15 Ohio, 660. Cf. *Green Bay Auto Distributors, Inc.,* v. *Willys-Overland Motors, Inc.,* 102 F. Supp., 151.

Upon review of the record it is concluded that the judgment is manifestly against the weight of the evidence, should be reversed and the cause remanded for a new trial. Notwithstanding our doubt that plaintiff has adequately plead recovery on the ground of fraud in the inducement of the contract, applying the rule of liberal construction of language employed in favor of the pleader, and regarding the amended petition as an attempt to plead recovery on the ground of fraud, upon remand leave may be granted plaintiff to file a further amended petition setting forth the alleged fraud with such particularity as is prescribed by the foregoing authorities.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

SMITH and DEEDS, JJ., concur.