McConnell et, Plaintiffs, *v.* Mantle et, Defendants.

Common Pleas Court, Madison County.

No. 21466.   Decided October 26, 1961

*Mr. Robert E. Wright*, for plaintiffs.
*Mr. Forrest E. Sidener*, for defendants Mantles.
*Messrs. Culp & Rapp*, for defendant West Jefferson Building & Loan Co.

(Baynes, P. J., Whitney, J., of Delaware County, and Case, J., of Fayette County, sitting by assignment in Madison County.)

BAYNES, J. Judgment was entered for plaintiffs on their petition which sought judgment on a note and foreclosure of a real estate mortgage as security therefor, defendants being in default. Defendants were the makers and mortgagors, and plaintiffs were the payees and mortgagees. Judgment was also entered in favor of plaintiffs on defendants' cross-petition on their claim that there were seven deteriorations in the condition of the house.

Defendants moved for a new trial as to the judgments on the grounds that they were not sustained by sufficient evidence and are contrary to law. The case was tried on waiver of jury trial to a three-judge panel.

The facts developed in the case were that plaintiffs erected the house by contract with various tradesmen for use as their residence and it had been for some time and was being used by them as such. Plaintiffs were in the process of doing certain minor things to the house such as giving the exterior a second coat of paint. As to these things defendants do not complain.

On May 14, or 15, 1960, defendants inspected the premises, being taken there by two representatives of a real estate broker. A standard real estate purchase contract of the Columbus Board of Realtors was signed by defendants in Columbus out of the presence of plaintiffs on May 15, 1960. It was then brought to plaintiffs, who signed it the next day. The terms filled in on the contract stated:

"Total price $16,500, down payment $3,000 to be financed conv((entional)) 6½% Int. $13,500.

"Their ((sic)) is to be a 10' x 16' Din. Rm. added at cost of $16,500 and extra closet upstairs."

Defendants were at the premises on different occasions subsequent to May 16, and they moved into the house on July 1. On June 23, plaintiffs executed a deed to defendants and defendants executed a mortgage to secure a loan of $11,000 to the West Jefferson Building & Loan Company. The final closing was postponed to July 7, on which date in payment of the balance due plaintiffs accepted a note for $2500 and a second mortgage to secure it. The deed and mortgages were filed for

record July 8, 1960. At the time of the closing, there was withheld by the Building and Loan a sum of $1,000. This was to insure completion of the dining room and closet. On August 20, 1960, defendants approved the release of this sum by endorsement of a check made jointly payable to plaintiffs and defendants.

As to plaintiffs' first cause of action on the note, defendants' answer to it did not deny the balance due or the default of its terms. It also alleged:

". . . said . . . note was executed as and for part of the purchase price of a certain house and the real estate on which it is situated . . .; that previous to and at the time defendants signed said note . . . plaintiffs agreed to properly cover the sub flooring on the upstairs bedrooms . . .; to install . . . hardware in the . . . windows . . . and wherever be necessary ((sic)); to apply . . . caulking and flashing in and about the windows and doors . . .; and to build eaves on said house. . . . plaintiffs failed to perform . . . and there was, therefore, a failure of consideration of said note."

It is defendants' contention that:

"The Court . . . predicated . . . judgment . . . that a . . . Purchase Contract . . . was a dominant factor. . . . The parole evidence rule . . . was . . . invoked . . . and defendants . . . were denied the use of parole evidence to show the failure of consideration for a negotiable instrument."

As to the eaves, defendant's testimony was:

"Q. Did you have any conversation with Mr. McConnell relative to the eaves before the execution of the contract?

"A. No."

As to the other three of the four items giving rise to defendants' claim of failure of consideration, defendant's testimony was:

"Q. Now, these things that you have testified to that Mr. McConnell said he would do all occurred before the signing of the contract, is that correct?

"A. Yes."

In the first place, the defense to the first cause of action on the note does not entail cancellation, rescision, reformation or breach of contract actions. So that the question is not

whether there was a failure of consideration for the $2500 note but whether there was a failure of consideration of the real estate purchase contract. If there was no failure of consideration of that contract, then there could be no failure of consideration of any part of the purchase price, evidenced by a note or otherwise.

Defendants are the owners of plaintiffs' former real property subject to the purchase contract. The written contract as introduced into evidence is not ambiguous or its terms disputed. This, in effect, puts defendants in a position where they want to retain its benefits, but do not want to respect its correlative obligations.

The answer to this is self-apparent. Defendants admit a valid contract where plaintiffs were to convey and they did convey the real estate and did the other things incidental thereto and included therein. All that remained for defendants to do was pay the consideration, which they did and part of the payment was by note of $2500. The only failure of consideration would result from plaintiffs not having performed some act, *which by the contract* they were bound and obligated to do.

What defendants are really seeking to do is to have plaintiffs perform some additional act, *not provided for by the contract*, without additional consideration. This is demonstrated by the testimony regarding the eaves. The conversation regarding that item was subsequent to the signing of the purchase contract. There is no allegation or proof that defendants promised any additional consideration for plaintiffs' promise to install eaves, if one was made, so there being no consideration any such promise would be unenforceable.

With respect to any conversations or agreements regarding the flooring, hardware, caulking and flashing, these by defendant's testimony occurred before the purchase contract was signed. If not, any promises plaintiffs made subsequent would come under the rule with respect to the eaves.

The parole evidence rule requires the exclusion of all prior or contemporaneous oral agreements which attempt to vary the terms of a written contract. It was our view at trial and our research fortifies it, that under the facts of this case, the rule which forbids the alteration, varying, limiting, enlarging, or contradicting that which the parties reduced to writing ought

to be adhered to and we do. See 21 Ohio Jurisprudence (2d), 648 e. s., Secs. 627, 628, 637; *Shapiro* v. *Kornicks*, 70 Ohio Law Abs., 481, 124 N. E. (2d), 175; see also 40 Ohio Jurisprudence, 949, Sec. 45.

Since the purchase contract did provide for the addition of a dining room and an upstairs closet, there was no reason why the three items could not also have been included. Moreover, the contract was signed by defendants out of the presence of plaintiffs. So that it is difficult, if not impossible, to infer any wrongful conduct as to defendants' offer to buy on plaintiffs' part.

We are therefore of the opinion that the prima facie case and the testimony compels a finding that the defense to the first and second cause of action cannot be maintained either on legal or equitable principles and the motion for new trial on the judgment thereon should be overruled.

As to defendants' cross-petition, the rule of law is clearly stated in *Traverse* v. *Long*, 165 Ohio St., 249, 135 N. E. (2d), 256, 50 Ohio Opinions, 325. This was a case where the purchaser brought an action to recover damages from the vendors based on alleged fraudulent representation by them and their real estate broker. In the instant case there was no allegation as to false or fraudulent representation.

In reversing the judgment of the Court of Appeals and affirming the judgment for defendant by the Common Pleas Court, the Supreme Court at page 252 said:

"The principle of *caveat emptor* applies to sales of real estate relative to conditions open to observation. When those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud. See 55 American Jurisprudence, 553, Section 79, and 91 Corpus Juris Secundum, 908, Vendor and Purchaser, Section 51."

As we have said, there is no allegation in the cross-petition of any false or fraudulent representation, nor is there any express warranty alleged. What the cross-petitioners allege is that since being in possession of the property the house has

314

deteriorated. Their testimony with respect to five of the enumerated items alleged to have deteriorated was that there was no conversation between plaintiffs and defendants regarding them. There was an absence of testimony as to the other two. In such cases there is no cause of action; *Rappich* v. *Altermott*, 106 Ohio App., 282, 151 N. E. (2d), 253, 77 Ohio Law Abs., 551, 7 Ohio Opinions (2d), 19; see also 55 American Jurisprudence, 795, Sec. 368.

We are therefore of the opinion that the dismissal of the cross-petition was in conformity to law and not contrary to law and that there was a failure of proof of any express warranty to support the cause of action.

Judgment entry is accordingly concurrently filed.

WHITNEY and CASE, JJ., concur.