AYRES, Judge.
This is an action in redhibition wherein plaintiff sought a reduction in the purchase price of a house and lot allegedly purchased by him from the defendant, as well as compensation for damages. After the institution of this action, but prior to trial, plaintiff died. Thereafter, plaintiff’s surviving widow and his children, issue of his marriage with the surviving widow, as his sole and only heirs, were instituted as parties-plaintiffs. From a judgment directing a reduction of the purchase price by the sum of $750, plaintiffs and defendant prosecute separate appeals.
Defendant first filed and urged, to plaintiff’s petition, an exception of no cause and of no right of action. This exception was predicated upon the contention that defendant did not sell a house and lot to plaintiff but that it, under a contract, constructed a residence on a lot previously purchased by plaintiff. This exception was referred to the trial of the case on its merits and was finally impliedly overruled. The exception, however, is again urged in this court.
The basis of this exception constitutes an element of the defenses urged on the merits of the case. Consideration of both phases of the matter thus presented at one and the same time is in order.
Under date of January 19, 1959, defendant contracted to construct, for plaintiff, a residence on Lot 42 of the Boucher-Slack Park Unit No. 2 of the City of Springhill for a price of $13,750 which included the purchase price of the lot then owned by defendant. Pursuant to the aforesaid agreement, a formal deed was executed by defendant to plaintiff on February 4, 1959, covering the aforesaid lot, for a recited consideration of $3,000, which amount was included in the total consideration already noted. The residence was completed and plaintiffs moved in April 11, 1959. Final payment of the purchase price was made on April 13, 1959. The house was constructed on a concrete slab foundation. After the lapse of only a few months defects became apparent in the house, particularly to the foundation which cracked and broke. Plaintiff made complaints of these defects to defendant. To adjust the matter, defendant, by written agreement of September 9, 1959, obligated itself to construct a residence of the same kind and character, except with a double carport for which an additional charge of $1,500 was made, upon Lot 54 of the subdivision, which lot had been selected by plaintiff. The former lot and residence were recon-veyed to defendant, for which plaintiff received credit on the second lot and residence in the sum of the purchase price of the former house and lot. A deed was *83 executed on October 20, 1959, by defendant, conveying the lot to plaintiff. The consideration in the deed was recited to be $2,500, which amount was included in the consideration stipulated for both lot and residence. The residence was thereafter completed and conveyed' to plaintiff on January 23, 1961, at which time plaintiff paid the additional consideration of $1,500.
From the facts as to these transactions, which have been noted in more or less detail, we are convinced that the transaction whereby plaintiff acquired Lot 54 and the improvements as constructed thereon constituted a sale, or at least an exchange of properties—whether one or the other is a matter of little consequence inasmuch as both, so far as redhibition is concerned, are controlled by the same legal principles. For instance, the provisions of the Revised Civil Code relative to the contract of sale, except as to lesion, apply to contracts of exchange. LSA-C.C. Art. 2667.
No serious issue is made as to the existence of the redhibitory vices of which plaintiff complained. The insufficiency of the foundation was the cause of the cracking of the brick walls and the cracking of the tile floors overlaying the slab foundation. In fact, the defects attributable to the first house were due to its foundation. As to both houses, the character of the soil of the area was the primary cause of the failure of the foundations.
From its experience in constructing the first of the houses, defendant learned that the foundation was insufficient because of the character of the soil in that area. Therefore, defendant employed a civil engineer to design a proper foundation for the second house. Notwithstanding that the foundation was strengthened and reinforced over and above that of the first house, and notwithstanding the precautions taken, the foundation of the second residence nevertheless proved inadequate and insufficient, as a result of which the defects annd vices developed.
Defendant, however, contends that plaintiff accepted the second house knowing the condition of the soil and the difficulty of securing a proper foundation, and that, therefore, the house was accepted subject to such conditions. While no doubt plaintiff knew, as did defendant, after the defects developed in the first house, the character of the soil existing thereunder and the possibility that such condition extended across the street and underlay Lot 54, defendant nevertheless secured the services of an engineer in designing what it hoped would be a sufficient foundation to prevent the very things that later developed.
Obviously, neither plaintiff nor defendant expected the foundation to be inadequate. Nor do we think the proof offered sustains defendant’s position that plaintiff, in accepting the house, waived warranty against redhibitory vices. The evidence on this point is contradictory. Moreover, in the written agreement and deed, mention of no such waiver is made. Therefore, defendant has not sustained the burden of its defense.
In defining “redhibition,” LSA-C.C. Art. 2520 states:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
Where the defect in a thing sold merely diminishes its value, the purchaser may limit his demands to a reduction of the price (LSA-C.C. Art. 2541). This action may' also be resorted to when there is a deficiency in the quality of the thing sold (LSA-C.C. Art. 2542).
Defendant, as heretofore concluded, has, as one of its primary objects, the construction and sale of residences. Where there are redhibitory vices in a house so *84 constructed and sold, the builder is presumed to have had notice and knowledge of such defects. Kellogg Bridge Co. v. Hamilton, 110 U.S. 108, 3 S.Ct. 537, 28 L.Ed. 86; Tuminello et ux. v. Mawby et al., 220 La. 733, 57 So.2d 666; Templeman Bros. Lumber Co. v. Fairbanks Morse & Co., 129 La. 983, 57 So. 309; Doyle v. Fuerst & Kraemer, Limited, 129 La. 838, 56 So. 906, 40 L.R.A.,N.S., 480; George v. Shreveport Cotton Oil Co., 114 La. 498, 38 So. 432; Johnson v. Marx Levy & Bro. et al., 109 La. 1036, 34 So. 68; Johnson v. Hunter et al., La.App.2d Cir., 1956, 88 So. 2d 467. We therefore conclude that defendant had at least presumptive notice and knowledge of the vices and defects in the house sold and of which plaintiff complained. The seller warrants the thing which he sells (LSA-C.C. Art. 2475).
The record makes it abundantly clear that the vices or defects in the house rendered its use so inconvenient and imperfect that it must be supposed the purchaser would not have bought it had he known of such defects. Plaintiff is entitled to a diminution of the purchase price by a sum established by the evidence as necessary to repair the damage. Cipriano v. Superior Realty & Construction Corp., 228 La. 1065, 84 So.2d 822.
The defects consisted primarily of cracks in the concrete foundation, brick walls, sheetrock, and tile floors. The record contains the estimates of experts as to the diminution of the value of the house, as well as estimates of contractors and builders for restoring the house to its normal condition. In considering these estimates, the trial court allowed the sum of $750. No manifest error has been pointed out as to the award so made and, from our own review of the record, we are unable to do so.
There is no basis for the allowance of attorneys’ fees as an element of damages in the absence of a conventional or statutory obligation. Winkler v. Ascension Bank & Trust Co., 182 La. 69, 161 So. 23; Johnson v. Hunter et al., supra; Rodriguez v. Hudson, La.App.Orleans, 1955, 79 So.2d 578.
Accordingly, for the reasons assigned, the judgment appealed is affirmed. The parties litigant are each assessed with the cost of his or its respective appeal.
Affirmed.
BOLIN, J., recused.