66

MITCHEM ET AL., APPELLANTS, *v.* JOHNSON, D. B. A. WALLACE
JOHNSON CO., APPELLEE.

[Cite as Mitchem v. Johnson, 7 Ohio St. 2d 66.]

(No. 40023—Decided June 29, 1966.)

68

Mr. *Richard H. Conn*, for appellants.

*Messrs. Rowley & Leahy* and Mr. *Paul J. Leahy*, for appellee.

SCHNEIDER, J. The record brought to our attention under Rule IV of our Rules of Practice, and relied upon by plaintiffs, consists only of the petition, the answer, the reply, the special written instruction given before argument, and the judgment entries of the lower courts. Thus, the singular question presented is whether an implied warranty, in favor of the vendee of an uncompleted structure that it will, when finished, be suitable for the purpose intended, should be imposed upon the

vendor who constructed and who undertook to complete it as a part of the executed contract for the purchase and sale of the real estate.

In the *Vanderschrier case*, 103 Ohio App. 340, at best, a "bargain" was implied that work *to be completed* on real estate "would be done in a reasonably efficient and workmanlike manner," notwithstanding that the promise to complete was part of an executed contract of sale for the purchase of the realty. The implied "bargain" was held to extend beyond, and not to be extinguished by, the payment of the purchase price and the transfer of title. See, also, annotation, 84 A. L. R. 1008, and the cases cited therein.

A contract to furnish labor and materials is not a sale if the finished product is not personal property. The requirement of workmanlike performance is no more than that which the law imposes upon the builder of a structure on land owned by another, unless, of course, a higher duty may be fairly implied from the terms of the contract itself. 17A Corpus Juris Secundum 851, Contracts, Section 515.

In *Flannery* v. *St. Louis Architectural Iron Co.*, 194 Mo. App. 555, 558, 185 S. W. 760, we are of the opinion that the law is correctly stated:

" 'It is the duty of the builder to perform his work in a workmanlike manner; that is, the work should be done as a skilled workman would do it; the law exacting from a builder ordinary care and skill only.' [6 Cyc. 59.] It is certain that the builder is not an insurer. Nor is he required to respond to the owner on account of defective construction, except in accordance with the precepts of ordinary care, unless the obligation is affixed upon him through a special contract to do so.

"Here, it is conceded there was no special contract requiring plaintiff to mend the roof in any event or make good any other part of the building which should fail because of latent defects in material not discoverable through exercising ordinary care to that end. Of course, there is no absolute warranty implied by law against the builder, for the measure of his duty, as above stated, is to be ascertained by reference to the standard of ordinary care and skill in the circumstances which beset the particular situation.''

If, as to work to be done and material to be furnished on real estate *in futuro*, the law imposes no higher standard than a "reasonably efficient and workmanlike manner," and the duty required is no more and no less than ordinary care (except perhaps in the case of an extraordinarily hazardous transaction), we are not persuaded by any logic that the higher duty of an insurer should be imposed upon the builder-vendor as to the completed portion of a partially completed structure. Paragraph two of the syllabus of *United Pacific Ins. Co.* v. *Balcrank, Inc.*, 175 Ohio St. 267.

In the absence of express warranties, the overwhelming weight of authority is that *caveat emptor* controls the purchase and sale of a *completed* structure, and the vendor will not be strictly liable to the vendee on an implied warranty that the structure is fit or suitable for the purpose ordinarily intended, even though the vendor was responsible for its construction. *Shapiro* v. *Kornicks*, 103 Ohio App. 49; annotation, 78 A. L. R. 2d 446; 6 A. L. R. 2d, Later Case Service, 285; 7 Williston on Contracts 3 Ed. 779, Section 926.

If recovery were to be permitted solely on a warranty in this case, the effect would be as follows: By reason of the water seeping into the basement, thence into the roof supports and to the roof itself, the warranty would be breached by the vendor, because that condition is not reasonably anticipated in a structure to be used as a residence nor is that structure reasonably suitable as a residence, unless the vendor could demonstrate that those conditions were caused other than by his own acts. Having constructed the building, the vendor must be held to his bargain irrespective that the work or materials, or both, utilized in its construction may have been reasonably suitable for their purpose and the care and skill utilized may have been that which was commensurate with the gravity of the risk involved in protecting the structure against hazards, including those inherent in its site. Such result avoids the harsh truth that unfortunate problems arise on real estate and in real structures which no prudence can avoid and which defy every reasonable skill.

However, the courts of several American jurisdictions have purported to imply a warranty of fitness in sales of real estate upon a builder-vendor. In Louisiana (*Sikes* v. *B & S Supply*,

*Inc.*, 164 So. 2d 81), the decision is explained entirely by the Louisiana Civil Code, Book III, Title 7, "Of Sale," which is applicable to sales of realty as well as personalty, as distinguished from the Uniform Commercial Code adopted in Ohio. Section 1302.03, Revised Code. Three other cases (*Carpenter* v. *Donohoe*, 154 Colo. 78, 388 P. 2d 399; *Glisan* v. *Smolenske*, 153 Colo. 274, 387 P. 2d 260; and *Jones* v. *Gatewood* [Okla.], 381 P. 2d 158) involved defects caused by the negligence of the builder which were not disclosed to the buyer. There appears no valid reason why recovery should not have been permitted even without the device of implied warranty. In the only other case which we have been able to discover (*Hoye* v. *Century Builders, Inc.*, 52 Wash. 2d 830, 329 P. 2d 474), the cause of the "condition which stubbornly resists correction" is not revealed by the report of the case. Thus, it is difficult to either agree or disagree with the reasoning of that decision, but, to the extent that it implies a warranty in a contract to construct a dwelling on the lot owned by the contractee, we cannot concur in the absence of knowledge of the terms of that particular contract.

We are of the opinion that the paucity of reported decisions involving an authentic common-law implied warranty involving real estate sales indicates that the doctrine of *caveat emptor* is so ingrained in our customary real estate transactions that few, if any, attempts have been made to pierce the shield of protection from specious claims of defect which it affords to vendors, not only of older buildings but of newly completed structures. It may also indicate that real estate buyers generally experience little difficulty in securing express warranties or guarantees if they are insistent, or, if not, that they have been successful in recovering for latent defects arising from improper work or materials in actions sounding in deceit or misrepresentation for nondisclosure of those defects. *Pumphrey* v. *Quillen*, 165 Ohio St. 343; *Drew* v. *Christopher Construction Co.*, 140 Ohio St. 1; *Triplett* v. *Ostroski*, 103 Ohio App. 290; and *Galvin* v. *Keen*, 100 Ohio App. 100.

In any event, the rule of *caveat emptor* is firmly anchored in the fact that the purchase of real estate is invariably preceeded by a lengthy period of inspection, consideration and negotiation. One does not purchase land under conditions in any way similar to the purchase of home permanents (*Rogers* v.

*Toni Home Permanent Co.*, 167 Ohio St. 244), cooking appliances (*Welsh* v. *Ledyard*, 167 Ohio St. 57), soap (*Krupar* v. *Procter & Gamble Co.*, 160 Ohio St. 489) or electric blankets (*Wood* v. *General Electric Co.*, 159 Ohio St. 273).

Therefore, we find no overarching reason in this case "to pierce the shield." On the other hand, that is not to say that defendant here is entitled to final judgment. We note that the allegations of the petition make out a case of liability for the vendor's failure to disclose that which, as the builder, he should have known—a fault hidden from revelation by an inspection reasonably available to the vendee and caused by poor workmanship or materials or both.

Apparently, the evidence reviewed by the Court of Appeals was sufficient on both sides of the issues of faulty construction and damages proximately flowing therefrom to convince that court to remand this cause for retrial and submission to the triers of the facts, free from the issue of implied warranty which would compel a verdict for the plaintiffs on the mere finding that the damage was proximately caused by acts of the defendant, notwithstanding that those acts might have involved the exercise of ordinary care and skill. Defendant would be permitted no explanation other than to show causation of damage flowing otherwise than from his own conduct or assumption of the risk by the plaintiffs.

In other words, the special instruction on warranty obviated the necessity of plaintiffs proving, and the triers of the facts finding, a lack of good workmanship, that is, ordinary care employed by the builder under all of the circumstances, and that such lack of good workmanship proximately caused the damage. And it shifted the burden of explanation from the plaintiffs to the defendant. *Lonzrick* v. *Republic Steel Corp.*, 6 Ohio St. 2d 227.

The trial court confused the operative effect of a warranty, even though implied by law, with the duty historically imposed by law upon all persons that they measure their conduct by that of the ordinarily prudent person under all the circumstances, which include the risk of harm from the natural and probable consequences of that conduct. We do not understand that a builder of structures on real estate is relieved of that duty any more than any other person in whatever capacity he may act,

Thus, it is not the law that a vendor-builder "does not generally, in the absence of some express bargain or warranty, undertake *any* obligation with regard to the condition of the house." (Emphasis supplied.) *Vanderschrier* v. *Aaron*, 103 Ohio App., at page 341. Nor can we agree with the trial court's instruction in this case that it was "an implied term of the sale that the builder will complete the house in such a way that it will be reasonably fit for its intended use * * *." On the other hand, we do concur in the statement that "it is an implied term of the sale that the builder will complete the house in such a way that * * * the work [both before and after the sale] would be done in a * * * workmanlike manner." Thus, the defendant should be entitled to show, and to have the triers of the facts consider in assessing fault, that he employed proper materials and workmanlike skill and judgment in constructing the house, taking into consideration the hazards of the lot and area and the risk of harm to the structure from those hazards.

The judgment of the Court of Appeals is affirmed, and the cause is remanded to the Common Pleas Court for further proceedings consistent herewith.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.