INSURANCE COMPANY OF NORTH AMERICA, APPELLANT, *v.*
BONNIE BUILT HOMES, APPELLEE.

(No. 80-436—Decided December 30, 1980.)

*Messrs. Earl & Warburton* and *Mr. Dick M. Warburton,*
*Jr.,* for appellant.

*Messrs. Twyford & Donahey, Mr. Richard S. Donahey* and *Mr. Paul A. Bodycombe,* for appellee.

PAUL W. BROWN, J. In *Mitchem* v. *Johnson* (1966), 7 Ohio St. 2d 66, this court held that a builder-vendor is liable to its vendee for damages proximately caused by the failure of the builder-vendor to construct a real-property structure in a workmanlike manner. Essentially, this court held the builder-vendor liable for the diminished value of the structure resulting from the builder-vendor's failure to comport with " 'an *implied term of the sale* that the builder***[would] complete the house in such a way that***the work [both before and after the sale] would be done in a***workmanlike manner.' " *Id.,* at page 73, quoting *Vanderschrier* v. *Aaron* (1957), 103 Ohio App. 340. (Emphasis added.)

The issue presented in the instant cause is whether *Mitchem* is applicable when the builder-vendor's failure to construct the real-property structure in a workmanlike manner results in latent defects which are not discovered until the structure is in the hands of a subsequent vendee. In other words, is a builder-vendor liable to an owner for the diminished value resulting from unworkmanlike construction in the absence of privity of contract? We hold that privity of contract is a necessary element of an action brought by the owner of a real-property structure against the builder-vendor for damages resulting from the diminished value of the structure.

Appellant cites *Iacono* v. *Anderson Concrete Co.* (1975), 42 Ohio St. 2d 88, and *Lonzrick* v. *Republic Steel Corp.* (1966), 6 Ohio St. 2d 227, in support of its claim that privity of contract is not a necessary element in its cause of action. These two cases are inapposite. They are products liability cases based on breach of an implied warranty, an area of the law distinct from that involved here. In products liability cases, privity of contract is not necessary and a manufacturer is strictly liable for injuries caused by a defect in the product. In *Mitchem,* this court, at page 72, refused to apply the theory of implied warranty that it had adopted in *Lonzrick, supra,* to real-property construction cases.

The duty of the builder-vendor to build a structure in a workmanlike manner is a duty arising out of the contract of sale and not out of a general duty owed to the public at large.

*Mitchem,* at page 73. In the absence of privity the action must fail because there is no contractual basis upon which to determine the duty owed. This analysis was follwed by the court below, and by other courts interpreting and applying *Mitchem.* See, *e.g., Tibbs* v. *National Homes Constr. Corp.* (1977), 52 Ohio App. 2d 281; *Lloyd* v. *William Fannin Bldrs.* (1973), 40 Ohio App. 2d 507; *Hubler* v. *Bachman* (1967), 12 Ohio Misc. 22.

Appellant, as subrogee of the Shaffers, stands in ;their place. *Inter Ins. Exch. of Chicago Motor Club* v. *Wagstaff* (1945), 144 Ohio St. 457. Because there was no privity of contract between the Shaffers and Bonnie Built Homes, appellant has no cause of action against Bonnie Built Homes for lack of proper workmanship.

While we acknowledge that a few jurisdictions do not require privity of contract for a subsequent vendee to maintain a cause of action against a builder-vendor for damage resulting from unworkmanlike construction (see, *e.g., Brown* v. *Fowler* [S.D. 1979], 279 N.W. 2d 907; *Barnes* v. *Mac Brown & Co.* [1976], 264 Ind. 227, 342 N.E. 2d 619), we agree with the majority of jurisdictions which require privity of contract. See, *e.g., Strathmore Riverside Villas* v. *Paver Dev. Corp.* (Fla. App. 1979), 369 So. 2d 971; *Oliver* v. *City Builders* (Miss. 1974), 303 So. 2d 466; Annotation, 25 A.L.R. 3d 383. A builder-vendor should not be required to act as an insurer for subsequent vendees. As the Court of Appeals for the Second District of Florida stated in *Strathmore, supra,* at page 973: "Many unforeseen ramifications could arise should we opt for a rule holding builders***liable to remote purchasers for the diminished value of a home allegedly caused by defects in construction. If this step is to be taken, then we believe it should be accomplished by the legislature rather than by this court."

For the foregoing reasons, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

SWEENEY, HOLMES and DOWD, JJ., concur.

CELEBREZZE, C. J., W. BROWN and LOCHER, JJ., dissent.

WILLIAM B. BROWN, J., dissenting. Notwithstanding the negligence of a defendant, a plaintiff can lose in a negligence

action if the defendant owes the plaintiff no duty of care. Over the years, either because of policy or precedent, courts have employed such "no-duty" rules in order to shield admittedly negligent defendants from liability to specified plaintiffs in certain circumstances. The majority's holding herein, *i.e.,* that privity of contract is required for an owner of a real property structure to bring an action in negligence against a builder-vendor, is one such no-duty rule. In my view, there is no justification for a no-duty rule in the circumstances presented.

The seminal precedent for such no-duty rules is of course *Winterbottom* v. *Wright* (1842), 10 M. & W. 109, 152 Eng. Rep. 402. Since *Winterbottom* v. *Wright, supra,* many courts have excepted from or abandoned this impolitic rule in various circumstances. See, *e.g., MacPherson* v. *Buick Motor Co.* (1916), 217 N.Y. 382, 111 N.E. 1050. As I understand the case law in this area, courts have repudiated the "no-duty" rule unless policy considerations justify its circumstantial application. Such judicial hostility to the no-duty rule is understandable since the no-duty rule is inconsistent with the essential basis of the negligence action, viz., that individuals generally have a duty to exercise due care at all times.

The majority's policy reason for the application of a no-duty rule herein, in my opinion, is suspect. The majority asserts that "[a] builder-vendor should not be required to act as an insurer for subsequent vendees." Surely, to hold that a subsequent vendee (or any third party) can bring an action in negligence against a builder-vendor is not equivalent to holding that such builder-vendor is an underwriter against economic loss not proximately caused by its negligence.

In my view, the sounder approach is to permit the subsequent vendee to maintain its action in negligence against the builder-vendor. In such an action, the liability standard (due care) would of course be sensitive to all the legislative (socioeconomic) and judicial facts and circumstances.

For the foregoing reasons, I must respectfully dissent.

CELEBREZZE, C. J., and LOCHER, J., concur in the foregoing dissenting opinion.