SAN FRANCISCO REAL ESTATE INVESTORS, Plaintiffs

v.

J. A. JONES CONSTRUCTION COMPANY, et al., Defendants.

No. C–1–79–400.

United States District Court, S. D. Ohio, W. D.

Oct. 26, 1981.

Thomas Y. Allman, Cincinnati, Ohio, for plaintiffs.

Gary L. Herfel, W. Roger Frya, Cincinnati, Ohio, for defendants.

### ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

CARL B. RUBIN, Chief Judge.

This matter is before the Court on Defendants' Motions for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants assert that the Ohio Supreme Court's decision in *Insurance Company of North America v. Bonnie Built Homes*, 64 Ohio St.2d 269, 416 N.E.2d 623 (1980), forecloses any right of recovery plaintiff might have against them. Specifically, defendants claim that because there is no contractual privity between the plaintiff and any of the defendants, plaintiff has no cause of action under Ohio law on either an implied warranty or negligence theory of recovery. Plaintiffs have filed a memorandum contra the motions.

The relevant facts are briefly set forth as follows. In 1968, Hillcrest Square Ltd. (Hillcrest) a real estate developer, retained Defendant Harold A. Berry Associates (Berry) as architect and Defendant J. A. Jones Construction Company (Jones) as general contractor on a project known as Central Trust Tower North. Defendant Berry hired Defendant Hixon, Tarter & Merkel (Hixon), an Ohio architectural firm, as principal architects for the project. Construction on the project was completed in early 1971. The complex consists of an office building and a two-story parking garage.

On June 7, 1971, Plaintiff San Francisco Real Estate Investors (San Francisco) purchased Central Trust Tower North from Hillcrest. In March 1978, leaks developed on the second floor parking deck. San Francisco repaired the deck at a cost of $158,594.32 and brought this action to recover that amount from Defendants.

The Complaint alleges that deterioration of the parking deck was caused by errors in the specifications for the concrete and in the manner of its construction, and faulty workmanship in placing and finishing the concrete in the parking deck, including the use of asphalt topping. Plaintiff asserts a right of recovery against all defendants based on breach of warranty and negligence.

■ Rule 56(c) provides that the Court may grant a Motion for Summary Judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Tee-Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193, 1195 (6th Cir. 1974). On a Motion for Summary Judgment, the moving party has the burden of showing conclusively that there is no issue as to any material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the Motion. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith, et al. v. Hudson, et al.*, 600 F.2d 60, 63 (6th Cir. 1979).

■ In an action brought in federal court based on diversity of citizenship, the District Court must apply the law of the state in which it sits. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The parties have stipulated that this action is governed by Ohio law. (Final Pre-trial Order p. 9). Where the highest court of a state has spoken on a particular issue, a federal court is bound by that determination unless there is reason to doubt that the state court would continue to adhere to its prior decision. *Bernhardt v. Polygraphic Co. of America*, 350 U.S. 198, 205, 76 S.Ct. 273, 277, 100 L.Ed. 199 (1956).

■ Before considering the effect of *Bonnie Built* on this action, it is instructive to examine the earlier case of *Mitchem v. Johnson*, 7 Ohio St.2d 66, 218 N.E.2d 594 (1966).

In *Mitchem*, the Ohio Supreme Court held that there is no implied warranty arising out of the sale of an uncompleted real property structure that the structure when completed will be fit for the purpose intended. *Id.* at paragraph 2 of the syllabus. The Court in *Mitchem*, however, did hold that a vendor-builder is under an implied duty "to construct the [real property structure] in a workmanlike manner and to employ such care and skill in the choice of materials and work as will be commensurate with the gravity of the risk involved in protecting the structure against faults and hazards, including those inherent in its site." *Id.* at paragraph 3 of the syllabus.

The Court stated that if violation of this duty results in hidden defects not discoverable by reasonable inspection, the vendee is entitled to damages from the builder-vendor. *Id.* From *Mitchem*, then, may be learned the following:

(1) There is no implied warranty on behalf of a builder-vendor of real estate structures that they will be fit for the purpose intended, and

(2) A builder-vendor is not relieved of all obligation with regard to the condition of the structure.

In *Insurance Company of North America v. Bonnie Built Homes, supra,* the Court considered whether the implied duty recognized in *Mitchem* should apply when a *subsequent* vendee of the structure sues the builder-vendor for failure to construct the building in a workmanlike manner. 64 Ohio St.2d at 270, 416 N.E.2d at 624. The Court concluded that privity of contract is required for the owner to recover against the builder-vendor for damages proximately caused by unworkmanlike construction. *Id.* (Syllabus) The Court in *Bonnie Built* stated:

"The duty of the builder-vendor to build a structure in a workmanlike manner is a duty arising out of the contract of sale and not out of a general duty owed to the public at large. (citation omitted) In the absence of privity, the action must fail because there is no contractual basis upon which to determine the duty owed."

*Id.* at 270–71, 416 N.E. at 624.

Plaintiff argues primarily that *Mitchem* and *Bonnie Built* taken together only foreclose an action by a subsequent purchaser of residential property against the builder-vendor based on breach of warranty. This argument however, fails to recognize that it was the affirmative holding in *Mitchem* which the Court in *Bonnie Built* considered and refused to apply. The Supreme Court in *Mitchem* prefaced its finding of an implied duty to construct in a workmanlike manner with the following discussion:

"The trial court confused the operative effect of a warranty, even though imposed by law, with the duty historically imposed by law upon all persons that they measure their conduct by that of the ordinarily prudent person under all the circumstances, which include the risk of harm from the natural and probable consequences of that conduct. We do not understand that a builder of structures on real estate is relieved of that duty any more than any other person in whatever capacity he may act."

The affirmative holding in *Mitchem* defined and gave content to the duty recognized above. In light of this prior discussion, the implied duty to construct in a workmanlike manner can only be the remaining standard by which to measure a defendants' conduct in an action based on negligence. The Court's refusal in *Bonnie Built* to find that an implied duty to construct in a workmanlike manner arises absent privity of contract between the parties, can only mean that no action based on negligent construction will lie on behalf of a subsequent purchaser of the property against the builder-vendor.

Plaintiff asserts that as a subsequent purchaser it was a party "foreseeably injured" by defendants' negligence. "Negligence in the air", however, has been an insufficient basis on which to impose liability for over 50 years. *Palsgraf v. Long Island R. Co.,* 248 N.Y. 339, 162 N.E. 99 (1928). Plaintiff must first establish a duty owed to it by the defendants. The duty invoked here of workmanlike construction can only arise out of defendants' contractual undertaking with Hillcrest.[1]

The Court can discern no reason why defendant Jones' status as general contractor and defendants Berry and Hixon's as architects should affect the applicability of *Bonnie Built* to plaintiff's claims against it. The Ohio Supreme Court's decisions in *Mitchem* and *Bonnie Built* evidence that Ohio continues to require privity of contract for an action based on unworkmanlike construction or negligence in the provision of construction related services.

The law of Ohio as it bears upon this case defeats both of plaintiff's causes of action against defendants. Under *Mitchem,* there can be no action for breach of implied warranty; under *Bonnie Built,* there can be no action for failure to construct in a workmanlike manner in the absence of privity of contract.

---

1. The Court does not reach the question of whether a general contractor or an architect is under a duty to construct a building in such a way as to avoid an unreasonable risk of personal injury to users of the structure. *See e. g., Fannin v. Cubric,* 21 Ohio App.2d 99, 255 N.E.2d 270 (1970).

There is no privity of contract between plaintiff and any of the defendants.

Accordingly, defendants' Motion for Summary Judgment are hereby GRANTED.

IT IS SO ORDERED.