SAN FRANCISCO REAL ESTATE INVESTORS, Plaintiff-Appellant,

v.

J.A. JONES CONSTRUCTION COMPANY, Harold A. Berry & Associates, Harold A. Berry, Hixson, Architects/Engineers, Hixson, Tarter & Merkel, and Louis W. Hixson, Defendants-Appellees.

No. 81–3712.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 1, 1982.

Decided April 6, 1983.

Thomas Y. Allman (argued), Kim K. Burke, Taft, Stettinius & Hollister, Cincinnati, Ohio, for plaintiff-appellant.

Gary L. Herfel (argued), Cincinnati, Ohio, for defendants-appellees.

James J. Montgomery, Bloom & Greene Co., L.P.A., Cincinnati, Ohio, for Berry.

W. Roger Fry, Cincinnati, Ohio, for Hixson.

Before KRUPANSKY and WELLFORD, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Plaintiff-appellant seeks damages for costs it incurred to repair a parking deck at a building in Cincinnati it owns which appellees planned and constructed as architect and builder-contractor.

The United States District Court for the Southern District of Ohio granted summary judgment for the appellees. 524 F.Supp. 768 (S.D.Ohio 1981). Applying Ohio law, the District Court ruled that since appellant was a subsequent purchaser of the property and improvements in question—not the original vendee—it was not in privity of contract with any of the appellees, and thus could not recover from them. We affirm.

The only question before this Court is whether the District Court properly construed Ohio law in this diversity action.[1] We agree with the District Court's well-reasoned conclusion that *Insurance Co. of North America v. Bonnie Built Homes,* 64 Ohio St.2d 269, 416 N.E.2d 623 (1980), compels the instant result.

In *Bonnie Built Homes,* a purchaser of residential property from its original owner discovered, after having lived in the house for approximately one year, that the roof leaked badly. The repairs to the roof cost some $5,500. While noting that under *Mitchem v. Johnson,* 7 Ohio St.2d 66, 218 N.E.2d 594 (1966), an *original* vendee can recover for failure of the builder-vendor to construct a real-property structure in a workmanlike manner, the Ohio Supreme Court made it clear that a subsequent purchaser cannot recover against the builder-vendor because "privity of contract is a necessary element of [such] an action." *Insurance Co. of North America v. Bonnie Built Homes,* 416 N.E.2d at 624. The Ohio court in *Bonnie Built Homes* then held "the duty of the builder-vendor to build a structure in a workmanlike manner is a duty arising out of the contract of sale and not out of a general duty owed to the public at large." *Id.* The court recognized that some jurisdictions do not follow the privity of contract rule, applicable in Ohio.[2]

Appellant's argument that *Bonnie Built Homes* should not apply in the instant case is unavailing. In particular, appellant suggests that since *Bonnie Built Homes* involved residential property, the holding should not apply to commercial real estate. It is more logical, however, to suggest that special protection should be afforded the consumer in a residential property transaction, than a presumably sophisticated real estate investor, such as appellant, who is at least theoretically better able to evaluate

1. We note that the parties stipulated in a pretrial order that Ohio law applies in this action. *San Francisco Real Estate Investors v. J.A. Jones Construction Co.,* 524 F.Supp. 768, 769 (S.D.Ohio 1981). *See Erie Railroad v. Thompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

2. The function of this court in the instant case is to apply the law of the state which governs the suit, not to take a position regarding the advisability or fairness of the rule applied.

blueprints and other specifications before purchasing property.

The Ohio rule of *Bonnie Built Homes* appears to apply not only to an action against the builder, but to one against the architect and any subcontractors as well. If privity is a requisite element of a cause of action against a builder, the same logic inescapably applies to these other parties.[3]

The decision of the district court is affirmed.

3. This in no way suggests that such a rule also applies to members of the general public who use a particular structure. *See San Francisco*

*Real Estate Investors v. J.A. Jones Construction Co.,* 524 F.Supp. at 770 n. 1.