DELLAPINA et al., Appellants,

v.

GRISEZ BROTHERS REALTY, INC., et al., Appellees.

[Cite as *Dellapina v. Grisez Bros. Realty, Inc.* (1994), 95 Ohio App.3d 62.]

Court of Appeals of Ohio,
Stark County.

No. CA–9353.

Decided May 16, 1994.

*Douglas Godshall,* for appellants.

*Richard B. Blair* and *Darrell Holland, Jr.,* for appellees.

GWIN, Presiding Judge.

On October 3, 1988, Eric and Karen Dellapina contracted to purchase a new home at 7701 Newgate, N.W., North Canton, from defendant Grisez Bros. Realty, Inc. ("Grisez"), the general contractor and vendor of the home, for $150,000. At the time of execution, the home was being constructed by Grisez and various subcontractors hired by Grisez. Defendant Tucci Electric, Inc. ("Tucci Electric") was subcontracted to install the home's electrical wiring.

After moving into their new home in January 1989, the Dellapinas noticed that their lights randomly dimmed "on and off" and smelled electrical burning. The

Dellapinas were concerned an electrical problem existed in their home and contacted Grisez's representative, Todd James, who conducted a brief inspection of the circuit breakers and explained the problem was "probably just a power surge in the area."

On October 23, 1989, the Dellapinas' new home was severely damaged by fire. The Dellapinas notified their home insurer, plaintiff State Farm and Casualty Insurance Company, who contacted Randy Bills, an electrical engineer employed by SEA, Inc., a forensic engineering firm. Bills inspected the home on October 26, 1989, for the purpose of determining the origin and cause of the fire. From his inspection, Bills concluded the fire was caused by an electrical wire short in the kitchen wall of the home.

State Farm paid $216,630.18 for restoration of the home, for personal property lost in the fire, and for living expenses and other miscellaneous costs resulting from the fire. State Farm also paid approximately $10,000 for the Dellapinas' temporary accommodations while the home was being restored.

On October 22, 1991, State Farm filed the instant action against Grisez, Tucci Electric, Southwire Company (the wire manufacturer), and Robertson Supply Company (the wire supplier) for the cost of repairing the home and for diminution of the home's value because of the fire. In addition, the Dellapinas sought damages for their lost wages, inconvenience and emotional trauma. The total amount of compensation sought from the defendants, jointly and severally, amounted to $250,000.

The case proceeded to trial, wherein the trial court granted a directed verdict in favor of defendants, Tucci Electric, Southwire Company and Robertson Supply Company. The remaining claims were resolved by the jury in favor of Grisez. State Farm and the Dellapinas now seek our review and assign as error:

"I. The trial court erred in granting defendant Tucci Electric's motion for directed verdict because plaintiffs presented evidence from which a reasonable trier of fact could conclude that Tucci Electric was negligent and caused plaintiffs' losses.

"II. The trial court erred in entering judgment in favor of defendant Grisez because Grisez, as builder/vendor, impliedly warranted workmanship and materials on the home construction, and there was evidence before the jury that Tucci Electric, Grisez's subcontractor, was negligent."

I

Through the first assignment, State Farm and the Dellapinas maintain the trial court erred in granting Tucci Electric's motion for a directed verdict. We agree.

The strict standard for granting a directed verdict is found in Civ.R. 50(A)(4):

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion * * *."

■ When confronted by a motion for a directed verdict, a trial court must construe the evidence most strongly in favor of the party against whom the motion is directed. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 284, 21 O.O.3d 177, 178–179, 423 N.E.2d 467, 469. In applying this standard to the facts of this case, we find substantial competent evidence upon which reasonable minds could differ as to whether Tucci Electric breached its standard of care in wiring the Dellapinas' new home and that such breach proximately caused the resulting fire.

During his direct examination, Bills opined to a reasonable degree of electrical engineering certainty that the cause of the fire in the Dellapinas' home was the "arching and shorting or short circuits" in the west wall of the kitchen. In fact, Bills testified that he had no doubt in his mind that the fire was caused by the electrical wire short.

Tucci Electric defends the directed verdict by focusing on Bills' inability to pinpoint the exact cause of the short. The fire damage to the wire precluded such a determination. However, Bills offered a number of explanations that could have caused the electrical short. First, the wire may not have been properly insulated because of a manufacturing defect, improper shipping and handling, or improper installation. Second, the wire's insulation may have been damaged by "drywall nails or stuff being driven into the wire" after the wire had been installed.

■ Despite this uncertainty, Bills' subsequent testimony was sufficient to raise a genuine issue as to whether Tucci Electric's lack of due care in installing the wire caused the short. First, improperly insulated wires can be easily detected by use of a mecometer. If the wire proves to be improperly insulated, it is a breach of an electrician's standard of care to install the wire. Next, if the wire's insulation was damaged during installation, Tucci Electric breached its duty of due care by installing the wire. Finally, a reasonably prudent electrician wiring a new home should anticipate other construction work in the area of the wiring and should install the wiring in a safe position and/or shield the wiring from damage caused by drywall nails or cabinet installation. Taken together, this evidence shows that although the plaintiffs' electrical expert could not conclude with a reasonable degree of electrical certainty as to the exact cause of

the short, he did opine within a reasonable degree of electrical certainty that the short could have been avoided had Tucci Electric properly tested, installed and/or protected the wire.

From these facts, we believe the jury could have reasonably concluded that Tucci Electric breached its duty of due care in installing the electrical wiring in the Dellapinas' home and that such breach proximately caused the fire to said structure.

Accordingly, we sustain the first assignment of error.

## II

Through their second assignment, State Farm and the Dellapinas request that this court vacate the judgment entered upon the jury's verdict in favor of Grisez. This request is premised on the claim that a builder and vendor of a house impliedly warrants the workmanship and use of proper materials therein. See *McMillan v. Brune–Harpenau–Torbeck Builders, Inc.* (1983), 8 Ohio St.3d 3, 8 OBR 73, 455 N.E.2d 1276.

"A duty is imposed by law upon a builder-vendor of a real-property structure to construct the same in a workmanlike manner and to employ such care and skill in the choice of materials and work as will be commensurate with the gravity of the risk involved in protecting the structure against faults and hazards, including those inherent in its site. If the violation of that duty proximately causes a defect hidden from revelation by an inspection reasonably available to the vendee, the vendor is answerable to the vendee for the resulting damages." *Mitchem v. Johnson* (1966), 7 Ohio St.2d 66, 36 O.O.2d 52, 218 N.E.2d 594, paragraph three of the syllabus.

As discussed above, evidence was presented to raise a genuine question as to whether Tucci Electric improperly tested, installed and/or protected the wiring in the Dellapinas' home. Under the above law, the issue of Tucci Electric's negligence bears a direct and substantial relationship to the determination of Grisez's liability. Accordingly, the trial court's directed verdict in favor of Tucci Electric precluded the jury from determining Grisez's liability as it relates to Tucci Electric's potential liability. As such, we sustain this second assignment of error and vacate the judgment entered upon the jury's verdict in favor of Grisez.

For the foregoing reasons, the judgment entered in the Stark County Court of Common Pleas in favor of Tucci Electric and Grisez is hereby reversed, and we remand this cause to that court for a new trial not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SMART and WILLIAM B. HOFFMAN, JJ., concur.