OPINION
Defendant/third party plaintiffs Frank and Shirley Parrish appeal a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of Third party defendants George Rader and Ramsier Company. Appellants assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF THE THIRD PARTY DEFENDANTS ON THE THIRD PARTY COMPLAINT.
Appellants' statement pursuant to Loc.R. 9 asserts a summary judgment is inappropriate as a matter of law on the undisputed facts. The record indicates this case arose out of the contract for sale of a residence in Massillon, Stark County, Ohio. Appellant Frank Parrish, who does business as North Wales Company, was the general contractor and owner of the home. Appellee George Rader acted as appellant's real estate agent negotiating the sale. Rader is a licensed real estate salesman with appellee Ramsier Company Realtors. Plaintiffs in this action are Suzanne Jackson and Carol Tondola, the purchasers of the property. Jackson and Tondola are not parties to this appeal. The record indicates during the construction of the home in question, a bulldozer accidentally bumped the foundation, causing it to crack and shift. Appellants attempted to repair the foundation, but after the home was completed, it had water infiltration in a portion of the basement. Appellants attempted to correct the problem by regrading the area around the house. Appellants listed the property for sale with appellee as their realtor. The property had been listed for approximately two weeks when appellees brought appellants an offer from the plaintiffs for the property. The offer contained several contingencies including a request for a residential property disclosure form. The purchase price was acceptable, and appellants completed the real estate disclosure form. Appellants disclosed the water problem in the basement and indicated corrections had been done. Appellants also orally advised the plaintiffs of the leak in the basement when the plaintiffs viewed the home. In his deposition, appellant Frank Parrish testified he discussed the condition of the basement with appellee Rader when he was completing the real estate property disclosure form. Appellant Frank Parrish testified he asked his agent if he should do anything else, and appellee Rader allegedly suggested Parrish guarantee the basement for one year. Appellants wrote an offer of guarantee on the real estate property disclosure form. The plaintiffs accepted the guarantee and purchased the property. When the plaintiffs experienced water problems in the basement, they brought suit against appellants on their guarantee. In turn, appellants brought the third-party complaint to hold appellees responsible for allegedly advising appellants to offer a one-year guarantee. Appellee Rader denied making that suggestion, but argued in effect there is no legal difference in the liability whether appellants gave a one year guarantee or not. Thus, the parties agree there are no material facts in dispute, and the issue presented is one of law. The judgment entry appealed from is stated in general terms, but the appellees' motion for summary judgment raised three propositions of law which they asserted and entitled them to summary judgment. The first proposition of law argued before the trial court, and before us is that the third-party complaint represents an attempt by appellants to shift the liability created by their duty as the builders to construct the property in a workmanlike manner. As appellants point out, this assertion is directed primarily towards appellant Frank Parrish, because appellant Shirley Parrish is involved in the case only to the extent of her dower interest in the property. Shirley Parrish apparently does not participate in the construction business operated by her husband Frank. Appellants urge they are not attempting to shift liability from themselves to appellees, but their liability arises only from the implied warranty of a builder to use a workmanlike standard of care in construction of the residence. Appellants argue this implied warranty confers a lesser legal obligation than that of a guarantee. Thus, to the extent appellees induced appellants to incur a higher legal obligation with regard to the property, appellants urge appellee should be liable to them. In Mitchem v. Johnson (1966), 7 Ohio St.2d 66, the Ohio Supreme Court held if a builder and vendor of a real property structure breaches a warranty, the builder is subject to liability for damages proximately caused by the breach, and the recovery for the damages for such breach does not depend upon his negligence, Mitchem, syllabus by the court, paragraph one, citations deleted. In Point East Condominium Owners Association v. Cedar House Association Company (1995), 104 Ohio App.3d 704, the Court of Appeals for Cuyahoga County found a builder cannot shift the duty imposed under Mitchum, supra, by delegating the work to subcontractors. Appellants do not explain how the guarantee somehow exposed them to more liability than the implied warranty of workmanlike construction ordinarily imposes, and this court's research discloses no case law indicating appellants assumed additional obligations in offering the guarantee. The second proposition of law appellees raised in their motion for summary judgment was appellants were involved in the construction and remodeling business for some 48 years, and were not novices in the realm of real estate construction and sale. Even if appellants' allegations are all accepted as true, and appellee Rader did in fact suggest the option of offering a one-year guarantee, then appellants were in the best position to know the condition of the property, their obligations in regard to the property, and, presumably, what repairs to the property might be entailed. We agree. The record indicates appellants did not disclose that the foundation of the home was actually damaged during construction, but only disclosed the water problems in the basement. We agree with appellee appellants were in the best position to evaluate the situation, given that they were aware of facts and circumstances not available either to plaintiffs, or appellees, upon whose advice they allegedly relied. The third proposition appellees raised in their motion for summary judgment is that the third party complaint alleged appellee Rader breached the standard of care he owed as a licensed real estate salesman to his principals, the appellants. In response to the motion for summary judgment, and in discovery, appellants did not identify any expert witnesses or other means by which they would prove the standard of care owed by a real estate professional. Because we find the guarantee exposed appellants to no broader liability than they would otherwise have had as the builders-vendors of the property, we find the question of whether Rader made a recommendation about the guarantee has no legal significance. We have reviewed the record submitted, and we find the trial court was correct in determining appellees were entitled to summary judgment as a matter of law. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 ______________________ Gwin, P.J.,
Farmer, J., and Wise, J., concur