OPINION
Defendant-appellant Leiffer Construction, Inc., appeals from a judgment rendered in favor of plaintiffs-appellees Michael S. Earl and his insurer, Grange Mutual Casualty, upon their claim that Leiffer failed to repair Earl's roof in a workmanlike manner. Leiffer argues that the trial court erred in finding in appellees' favor given their failure to present expert evidence in support of their claim. We disagree. Accordingly, the judgment of the trial court is Affirmed.
 I
Because we have not been provided with a trial transcript, we take the facts to be as found in the trial court's January 26, 2001 Decision 
Entry.
Leiffer contracted with Earl to repair his roof and chimney for $1,900. On the second day of Leiffer's work at Earl's house, there was a rainstorm. When Mr. Leiffer entered Earl's house after the rain, he observed no water damage. On the third and final day of Leiffer's work at Earl's house, it rained again. Earl found puddles coming out from the drywall, and water stains coming from the living room door. Earl paid Leiffer $1,200 of the contract price.
Earl's insurance company, Grange Mutual Casualty, paid him a benefit of $792.84 for water damage to his ceilings, door, and living room wall, which had to be repaired, replaced, or repainted. The amount paid was arrived at by subtracting Earl's $250 deductible and the $700 balance due on the contract from the total amount of the damages, $1,742.84. Grange also paid Earl $281.44 for a microwave oven, which was allegedly damaged by the rain. This amount was determined by subtracting from the $531.44 value of the oven the $250 deductible separately applicable to that loss.
Grange and Earl brought an action against Leiffer, alleging that it had performed its duties in an unworkmanlike manner by failing adequately to protect the interior of the home from rain. Grange sought reimbursement for the benefits it had paid to Earl, and Earl sought reimbursement for his deductibles. Leiffer counterclaimed for the unpaid $700 balance owed on the contract.
A trial was held on the matter in April 2000. We have not been provided with a transcript of the trial. The trial court granted leave for the parties to file proposed findings of fact and conclusions of law. After the parties did so, the trial court issued a decision entry, concluding that Leiffer was responsible for $1,742.84 in damages done to Earl's house. The trial court awarded Grange $792.84, plus interest and costs for the amounts it had paid to Earl; awarded Earl $250 for his deductible, with interest; and set off Earl's remaining $700 worth of damages against the $700 amount that Earl owed Leiffer on the unpaid balance of the contract. The trial court rejected Leiffer's argument that the plaintiffs' failure to present expert testimony on the standard of ordinary care precluded judgment in their favor.
Leiffer appeals from the judgment awarded against it.
 II
Leiffer's sole assignment of error states:
 THE TRIAL COURT ERRED IN FINDING FOR APPELLEES IN THE ABSENCE OF EXPERT TESTIMONY.
Leiffer argues that the trial court erred in finding for appellees because the question of whether Leiffer exercised ordinary care to protect the interior of Earl's house from rain is a matter beyond the scope of an average person's experience and knowledge.
Once a builder contracts to perform construction work, he has a duty to perform it in a workmanlike manner.[1] To prevail on a negligence claim for failure to perform in a workmanlike manner, a plaintiff must show by a preponderance of the evidence that the defendant failed to use ordinary care and skill in performing the work, and that this failure proximately caused his damages.[2] In many cases, a plaintiff will have to present expert testimony to prove that a builder has deviated from common standards of workmanship or has failed to exercise ordinary care; however, a plaintiff need not present expert testimony where the issue is not highly technical or scientific in nature, or beyond the experience or knowledge of the average trier of fact.[3]
The issue of whether a matter is so highly technical or scientific in nature, or beyond the experience or knowledge of the average trier of fact that it requires expert testimony, is fact-sensitive. In this case, it does not appear that a transcript of the hearing held on the matter was ever prepared. In any event, Leiffer has not filed a transcript of the trial, nor has it filed a statement of the evidence or proceedings, nor an agreed statement of the case, pursuant to App.R. 9(C) or (D). Nevertheless, Leiffer argues that it was necessary for an expert in the construction field to testify about whether the measures it took to protect the interior of Earl's house from rain fell below the ordinary standard of care in the industry, because the issue is beyond the experience or knowledge of the average person. We disagree.
The only facts that can be considered for purposes of appellate review are those found in the trial court's January 26, 2001 Decision Entry. The trial court did state that Leiffer testified that "it was his practice to put a tarp and temporary roof on to protect the interior of a home from rain[.]" Assuming that Leiffer did so in this instance, this evidence still does not establish that appellees were required to present expert testimony to prove their negligence claim. Even if Leiffer placed a temporary roof and tarp on Earl's house to protect its interior from rain, Leiffer was still under an obligation to use reasonable care and skill in taking those protective measures. The fact that the premises were still water-damaged, notwithstanding the protective measures Leiffer took, gives rise to a reasonable inference that Leiffer did not use ordinary care in installing the temporary roof or tarp on the premises.
In the absence of any evidence in the record to the contrary, we decline to hold that the issue of the proper standard of ordinary care for protecting a dwelling while the roof is undergoing repairs is highly technical or scientific, or, as Leiffer asserts, beyond the experience and knowledge of the average trier of fact. Had there been evidence presented that Leiffer installed the temporary roof and tarp with reasonable care and skill, but that the rainstorms that occurred were unusually or unexpectedly severe, then it might have been necessary for appellees to present expert testimony to establish their negligence claim. In the absence of that type of evidence, we cannot fault the trial court for finding that expert testimony was unnecessary under the circumstances of this case, including the absence of a transcript of the proceedings that might suggest the necessity of expert testimony on the issue of the standard of ordinary care.
Leiffer's sole assignment of error is overruled.
 III
Leiffer's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.
[1] Mitchem v. Johnson (1966), 7 Ohio St.2d 66, paragraph three of the syllabus.
[2] M.L. Simmons, Inc. v. Bellman Plumbing, Inc. (July 6, 1995), Cuyahoga App. No. 67832, unreported.
[3] Floyd v. United Home Improvement Ctr., Inc. (1997),119 Ohio App.3d 716, 721-722.