OPINION
{¶ 1} Defendant-appellant Budget Interiors appeals the small claims judgment entered in favor of plaintiff-appellee Melody Stull in the Belmont County Court East. The issues presented deal with the need for an expert witness, the weight of the evidence, and the type of evidence needed to establish damages. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF THE CASE {¶ 2} In October 2000, Budget Interiors measured Mrs. Stull's kitchen and bathroom floor to determine the cost of ceramic tile for these rooms. The invoice called for Mrs. Stull to pay $2,139.86 for materials and labor. Budget Interiors hired Richard Menefee to install the floor. On December 7, 2000, Mr. Menefee and his seventeen-year-old helper installed the tile.
 {¶ 3} In May 2001, the Stulls noticed cracks in the tile and in the grout. They encountered some difficulty scheduling repair work with Budget Interiors and Mr. Menefee, who failed to show up at the first scheduled service date. In June 2001, Mr. Menefee replaced two grout lines and four tiles. Soon thereafter, new cracks in the grout and tile appeared in different places.
 {¶ 4} On August 3, 2001, Mrs. Stull filed a small claims complaint against Budget Interiors in the Belmont County Court East in Bellaire, Ohio. Her claim alleged a defective ceramic tile floor. The complaint also noted that tiles had been replaced, tiles were cracked, and Budget Interiors was not interested in fixing the floor.
 {¶ 5} Budget Interiors filed a third-party complaint against Mr. Menefee. Although they denied negligence, they contended that if they are liable, then they should receive contribution and/or indemnity from Mr. Menefee as he was the subcontractor who installed the floor.
 {¶ 6} A bench trial proceeded on November 19, 2001; only Budget Interiors was represented by counsel. On March 12, 2002, the court filed its judgment entry which found in favor of Mrs. Stull and against Budget Interiors in the amount of $2,886.33. The court also rendered judgment in this amount in favor of Budget Interiors on their third-party claim against Mr. Menefee. Only Budget Interiors filed notice of appeal.
 ASSIGNMENT OF ERROR NUMBER ONE TWO {¶ 7} Appellant's first and second assignments of error, which will be discussed contemporaneously, allege:
 {¶ 8} "THE COURT ERRED IN FINDING IN FAVOR OF PLAINTIFF MELODY STULL AS SHE DID NOT PRESENT TESTIMONY FROM AN EXPERT WITNESS."
 {¶ 9} "THE COURT ERRED IN FINDING IN FAVOR OF PLAINTIFF MELODY STULL AS SUCH RULING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} Appellant concedes that an expert is not always needed in a negligent construction case but then argues that an expert was necessary in plaintiff's case to establish the standard of care in the industry. Appellant also contends that the overwhelming evidence showed that the floor was not negligently installed.
 {¶ 11} Firstly, appellant seems to forget that this was a small claims case. Small claims court is a "layman's forum," and any attempt to require expert testimony is an undue burden on the plaintiff. Herliby v.Red's Wrecker Serv. (June 26, 1996), 4th Dist. No. 95CA21. The rules of civil procedure are relaxed and the rules of evidence are inapplicable in small claims actions. Feinstein v. Habitat Wallpaper Blinds (Dec. 22, 1994), 8th Dist. No. 67419.
 {¶ 12} Evid.R. 101(C)(8) expressly states that the Ohio Rules of Evidence are not applicable to proceedings in small claims court. Cf. Civ.R. 1(A) and (C) (stating that the Ohio Rules of Civil Procedure do not apply to proceedings in small claims court to the extent that would be clearly inapplicable). Thus, where a standard of care is outlined in small claims court, the plaintiff can present hearsay evidence to support her claim. Dillman v. BB RV Serv. (June 29, 2000), 8th Dist. No. 76457 (where the court held that written findings of expert were sufficient);Turner v. Sinha (1989), 65 Ohio App.3d 30 (where the Twelfth District held that plaintiff's testimony as to what an expert told her is sufficient evidence to prove a veterinarian's failure to comply with the applicable standard of care). Here, when the court asked Mrs. Stull if she knew why the floor kept cracking, she responded:
 {¶ 13} "Well, Mr. Schafer's going to object. The only thing I can say is what Mr. Menefee told my husband was, my husband asked him the day he finished up the job when he repaired it, he said what caused the floor to crack. Mr. Menefee said, oh the nails" (Tr. 7).
 {¶ 14} At this point, the attorney for Budget Interiors objected, and the court sustained the objection. As per the case law set forth above and the explicit language in Evid. R. 101, the court should have permitted her to continue. Thus, the court actually erred in favor of appellant. We point appellant to the doctrine of invited error and note that were it not for their objection, expert testimony from their own subcontractor would have been revealed. Moreover, Mrs. Stull wished to state that the estimator from Lowe's told her that screws should be used; however, she was precluded from doing so due to another sustained objection. (Tr. 31). In fact, Mrs. Stull may have had multiple opinions; however, she was warned at the beginning of trial that she cannot use any hearsay. This warning and explanation of hearsay was only made after the attorney for Budget Interior objected. (Tr. 4). Thus, she was erroneously precluded from presenting certain expert opinions to support her theory of causation in support of her negligent installation claim.
 {¶ 15} In any event, as appellant concedes, expert testimony is not absolutely mandated in all negligent construction cases. One must ask if the subject is beyond the grasp of an ordinary person. Evid.R. 702. Regardless, plaintiff's claims included not just negligent installation but failure to notice and disclose possible pre-existing defects prior to installing the floor and breach of a one-year warranty or guarantee. (Tr. 6-7). In fact, the trial court's judgment apparently relied on the one-year warranty that Budget Interiors made to Mrs. Stull. Appellant makes no argument concerning breach of express warranty. See Mitchem v.Johnson (1966), 7 Ohio St.2d 66 (a claim for breach of express warranty does not entail an evaluation of the duty of care).
 {¶ 16} This case is most analogous to Walters v. Haworth (Apr. 26, 2002), 2nd Dist. No. 2001CA55. In that case, the defendant built a deck for the plaintiffs. The plaintiff sued in small claims court alleging that the deck was defective, that defendant had assured plaintiff that he would stand behind their work, and that defendant now refused to repair the deck. In support of their case, plaintiff presented his own testimony, photographs of the deck, and an estimate from a home improvement store. The defendant testified that the cause of the defects was plaintiff's failure to seal the wood within six weeks as they were instructed to do. The trial court found in favor of the plaintiff, and the appellate court affirmed. Id.
 {¶ 17} Here, the plaintiff produced photographs showing cracks in tiles and in grout lines. It is undisputed that four tiles and two grout lines had already been replaced after complaints to Budget Interiors. The plaintiff also produced a video showing the condition of the floor and allowing the viewer to hear the hollowness under certain tiles implying that they are unattached to the underlayment. The plaintiff presented an estimate from Lowe's Home Improvement on the cost to tear up the floor and replace it. She started testifying that Mr. Menefee said that the nails were pushing up; however, she was wrongly precluded from finishing her explanation. The plaintiff testified that she relied on the expertise involved in Budget Interior's initial evaluation and later installation to inform her if she needed to have any work done prior to installing a ceramic floor. She testified that she sued because the cracks kept occurring even after repair work and if they continued to merely patch cracked grout lines and replace broken tiles, her one-year warranty would soon run out and she would be left with a continually cracking floor. The plaintiff attempted to rebut the causation theories advanced by appellant, such as flooding, blasting zone, and moving floor joists. She noted that her kitchen sat eighteen feet above ground level and that her house has never flooded. She pointed out that her basement is refinished under the kitchen and that the dry-walled ceiling has no water spots or cracks. She pointed out that not every crack runs parallel with the floor joists as one crack runs perpendicular.
 {¶ 18} Judgments supported by some competent and credible evidence going to all of the elements of the claim will not be reversed as against the manifest weight of the evidence. C.E. Morris Co. v Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 280. The trial court can choose which reasonable interpretation of the evidence is more credible. Myers v.Garson (1993), 66 Ohio St.3d 610, 614. The trial court was in the best position to weigh the evidence and judge the credibility of witnesses.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80. Here, the trial court believed that Budget Interiors installed a floor and then failed to repair it in accordance with its guarantee.
 {¶ 19} Pursuant to the above case law and recitation of the evidence in this case, the judgment is not against the manifest weight of the evidence. For all of the foregoing reasons, appellant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 20} Appellant's third and final assignment of error provides:
 {¶ 21} "THE COURT ERRED IN AWARDING THE SUM OF $2,886.33 TO THE PLAINTIFF AS SHE FAILED TO PRODUCE EVIDENCE SUPPORTING THE AMOUNT OF HER DAMAGES."
 {¶ 22} Appellant claims that the Lowe's estimate for $2,886.33 was insufficient evidence of damages because plaintiff did not call anyone from Lowe's to testify that it was accurate and authentic. Once again, we remind appellant that this is small claims court. Estimates are almost always used to establish damages in small claims court. The rules of evidence are inapplicable, and thus, hearsay is admissible. Furthermore, appellant possessed the estimate prior to trial. In fact, appellant itself subpoenaed the Lowe's employee whose signature was on the estimate. Merely because the person who signed the estimate was not the person who went to plaintiff's house and took the measurements does not invalidate the estimate. In fact, appellant's witness basically testified that the estimate represented Lowe's standard procedure and that the person who took the measurements has knowledge of floors. (Tr. 30-31). Finally, appellant offered no evidence that the floor did not need torn out and then replaced or that it would not cost $2,886.33 for this work; instead, they focused their defense on liability. Accordingly, this assignment of error is without merit.
 {¶ 23} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs.