OPINION
This appeal is brought by Vicki Huebner from an order of the Municipal Court of Van Wert County, Small Claims Division rendering judgment against her in the amount of $3,000 plus costs.
The record presents the following facts. On or about April 13, 2000 the appellant, Vicky Huebner (Huebner) and appellee Carroll R. Jenkins (Jenkins) entered into an agreement whereby Huebner would pay Jenkins an estimated $7,312.00 to build a 24' x 24' garage on her home. Huebner advanced Jenkins $5,000 for materials and other costs.
Subsequent to this agreement, and after Jenkins began performance on the contract, Huebner informed Jenkins that she needed the garage to be 24' x 26' as opposed to the agreed upon 24' x 24'. Jenkins agreed to the modification and told Huebner that he would not charge her extra for labor, but she would be responsible for the additional cost of materials. Huebner agreed. During the course of performance, the record reflects that the parties made two other oral modifications to the agreement which required Jenkins to install spouting and a garage door opener. Huebner agreed to pay extra for these modifications.
Upon completion of the garage Jenkins submitted a bill to Huebner; $6506.29 for materials and $2,700 for labor, leaving an unpaid balance of $4,206.29. Huebner refused to tender the amount due. Jenkins testified that at first Huebner informed him that she did not have the funds available to pay the remaining balance. Huebner later informed Jenkins that she was not pleased with the surface texture of the garage floor.
Thereafter, Jenkins filed a claim in the Municipal Court of Van Wert County, Small Claims Division seeking payment for materials and labor under the contract. Huebner responded by asserting that the construction of the garage was not done in a workmanlike manner and therefore she is not responsible under the contract.
The lower court held that while there may have been some problems with the concrete flooring in the garage, the defendant failed to show that the garage as a whole was not built in a workman like manner. The trial court then went on to award a set-off for the concrete floor in the amount of $1,000 and granted judgment to Jenkins for the remaining $3,000 due on the contract. It is from this judgment that Huebner now appeals.
Appellant raises the following assignments of error:
 The trial court erred by finding that there was an enforceable contract in place.
 The trial court erred in assessing damages in the sum of $3,000 against appellant.
 The trial court's decision that Appellee's work was performed in a workmanlike manner is against the manifest weight of the evidence presented
In her first assignment of error Huebner alleges that the trial court erred when it held that there was a valid contract in place between herself and Jenkins. We disagree. The formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration. Restatement of the Law 2d, Contracts (1981), Section 17.
"Consideration may consist of either a detriment to the promisee or a benefit to the promisor. A benefit may consist of some right, interest or profit accruing to the promisor, while a detriment may consist of some forbearance, loss or responsibility given, suffered or undertaken by the promisee." Brads v. First Baptist Church (1993), 89 Ohio App.3d 328,336. (citations omitted.)
Huebner asserts that the contract fails for want of consideration since Jenkins did not perform the work in a workmanlike manner. In the very next sentence Huebner states that Jenkins was in breach of contract because he did not perform the work in a workmanlike manner. These two theories may be argued in the alternative but cannot be advanced together for common sense dictates that if there is no contract, there can be no breach of contract.
The contract between Huebner and Jenkins does not fail for consideration. Jenkins promised Huebner that he would build a garage. Huebner promised to pay for the garage. Each party acquired a right to something; Huebner gained a right to have her garage built and Jenkins gained a right to be paid.
While the failure to perform a contract in a workmanlike manner is actionable for breach of contract, it has nothing to do with contract formation. We agree with the trial court that there was a valid contract in place between Huebner and Jenkins. Accordingly, Appellant's first assignment of error is overruled.
In her second assignment of error Huebner alleges that the trial court erred when it assessed damages for Jenkins in the amount of $3,000. The crux of Appellant's argument is that Jenkins does not deserve the remainder of the balance due on the contract since there was no contract and Jenkins did not perform the contract in a workmanlike manner. Again, we note the disparity of these two propositions.
Without explaining how Jenkins did not perform the work in a workmanlike manner, Huebner goes on to declare that because there is no valid contract, any money that Jenkins may be owed should be assessed on a theory of quantum meruit. Having already decided that a valid contract exists, we will not address this argument pertaining to quantummeruit.
The trial court found, and we agree, that there was a valid contract and that Huebner owed Jenkins $4,206.29 on that contract. The trial court considered Appellant's argument that the surface of the garage floor was not up to standard and indeed heard Jenkins admit that there were some problems with the texture of the garage floor. Despite the fact that the appellant did not file a cross claim for damages to the garage floor, the trial court awarded the appellant a $1,000 set off for the deficient floor leaving $3,206.29 due on the contract. The trial court's jurisdictional limitation further decreased the judgment to $3000.00.
The appellant fails to advance any argument, other than quantummeruit, that would indicate this calculation was in error. Therefore, Appellant's second assignment of error is overruled.
In her third assignment of error Huebner alleges that the trial court's decision that Appellee's work was performed a workmanlike manner was against the manifest weight of the evidence. Initially, we point out that this assignment of error is misleading to the extent that it misrepresents the trial court's findings. The trial court found as follows, "The court finds, but for the concrete floor, that the Defendant has failed to prove that the other work was not done in a workmanlike manner."
Weight of the evidence relates to the "inclination of the greater amount of credible evidence, offered at trial, to support one side of the issue rather than the other." State v. Thompkins (1997),78 Ohio St.3d 380, 387. In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.Id. If a judgment is supported by some competent, credible evidence going to all the essential elements of the case, it will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279.
Builders and contractors have a duty to perform their services in a workmanlike manner. Barton v. Ellis (1986), 34 Ohio App.3d 251, 253;Mitchem v. Johnson (1966), 7 Ohio St.2d 66; Velotta v. Leo PetronzioLandscaping, Inc. (1982), 69 Ohio St.2d 376. Workmanlike manner is a standard that requires a construction professional to act reasonably and to exercise that degree of care which a member of the construction trade in good standing in that community would exercise under the same or similar circumstances. 2 Restatement of Law 2d, Torts (1965) 73, Section 299A. See, also, Huston v. Konieczny (1990), 52 Ohio St.3d 214, 217
Huebner argues that she presented the testimony of an expert who told the court that her garage was not built in a workmanlike manner. Huebner asserts that since Jenkins did not present evidence to refute the expert's credibility or his testimony, the court was therefore bound to find that Jenkins did not build the entire garage in a workmanlike manner.
However, close examination of the expert testimony reveals that while the expert told the court that the floor was not constructed in a workmanlike manner, the expert could not be certain that any problems with the siding were the result of Jenkins' poor workmanship. Furthermore, the expert did not testify that the entire garage was not constructed in a workmanlike manner.
Based on the expert testimony and testimony from Jenkins himself, the trial court concluded that the concrete flooring was deficient but stated that it could not conclude that the garage as a whole was not built according to the local, professionally accepted standard. Competent, credible evidence in the record supports this finding. Accordingly, Huebner's third assignment of error is overruled.
For the reasons stated it is the order of this Court that the judgment of the Municipal Court of Van Wert County, Small Claims Division isAFFIRMED.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.